JACOB SIMMER *vs.* CITY OF ST. PAUL.

March 20, 1877.

**Municipal Corporation—Liability for Unskilfulness or Negligence in Construction of Sewers.**—Plaintiff is owner of certain premises in the city of St. Paul, consisting of a lot and the buildings thereon, which are, and for many years past have been, occupied by him for the purpose of carrying on therein his business of buying and selling family groceries, provisions, and other merchandise. He brings this action to recover damages for defendant's alleged misconduct in and about the construction of a public sewer, to wit, in failing to exercise reasonable and suitable care, skill, and diligence in prosecuting the work upon the same, and thereby negligently, unlawfully, and unnecessarily obstructing streets which furnish access to plaintiff's said premises. The complaint alleges that the defendant has done the things charged as above, "to the damage of plaintiff, and so as to destroy his said business and prevent access to and from his said store, and has thereby deprived plaintiff of the gains and profits he would otherwise have made and received, and has prevented the sale of his goods then and still on hand; and, by reason of the wrongful acts of defendant, plaintiff's customers have been compelled to trade elsewhere, and become lost to plaintiff. By reason of which premises plaintiff has been damaged, and has sustained loss to the amount of ten dollars for each and every day since December 1, 1874, which loss and damage amounts in the aggregate to one thousand dollars." *Held,* 1. That a municipal corporation is liable for damages resulting to a person from its want of proper care, skill, and diligence in the performance of a corporate ministerial duty, such as the duty of constructing sewers.

**Same—Plaintiff's Right to Recover in this Case.**—2. That, upon the state of facts set up in the complaint, the defendant is liable to the plaintiff for such damages as he can show to have resulted from the defendant's alleged misconduct.

**Same—Loss of Future Profits of Business.**—3. That the gist of the foregoing allegations of damage is the destruction of plaintiff's business, the effect of which is described in the complaint to be the deprivation of gains and profits, which would have been made if defendant's misconduct had not prevented, and that, as respects allegations of damages, the complaint is insufficient.

Appeal by plaintiff from an order of the district court

for Ramsey county, *Brill*, J., presiding, sustaining a demurrer to the complaint.

*James Smith, jr.*, for appellant.

*W. P. Murray*, for respondent.

BERRY, J. The plaintiff is owner of certain premises in the city of St. Paul, consisting of a lot and the buildings thereon, which are, and for many years past have been, occupied by him for the purpose of carrying on therein the business of buying and selling family groceries, provisions, and other merchandise. He brings this action to recover damages for defendant's alleged misconduct in and about the construction of a public sewer, to wit, in failing to exercise reasonable and suitable care, skill, and diligence in prosecuting the work upon the same, and thereby negligently, unlawfully, and unnecessarily obstructing streets which furnish access to plaintiff's said premises.

The rule is that a municipal corporation is liable for damages resulting to a person from its want of proper care, skill, or diligence in the performance of a corporate ministerial duty, such as the duty of constructing sewers. 2 Dillon Mun. Corp., §§ 778, 781, 802. Under this rule there can be no doubt that, upon the state of facts set up in the complaint, the defendant would be liable to the plaintiff for such damages as he can show to have resulted from the defendant's alleged misconduct.

The complaint alleges that the defendant has done the things charged, "to the damage of plaintiff, and so as to destroy his said business and to prevent access to and from his said store, and has thereby deprived plaintiff of the gains and profits he would otherwise have made and received, and has prevented the sale of his goods then and still on hand; and, by reason of the wrongful acts of defendant, plaintiff's customers have been compelled to trade elsewhere, and become lost to plaintiff; by reason of which premises plaintiff has been damaged and has sustained loss to the amount of ten dollars for each and

every day since December 1, 1874, which loss and damage amounts in the aggregate to one thousand dollars."

The gist of these allegations of damage is the destruction of the plaintiff's business, the effect of which is described by the pleader to be the deprivation of gains and profits which would have been made if the defendant's misconduct had not prevented. If, as alleged, the defendant's misconduct has destroyed the plaintiff's business, totally or partially, the plaintiff certainly has a right of action for his actual damages, (if any,) since they are the natural and direct result of the wrong complained of; but, as in other cases, it is for the plaintiff to prove the extent of his injury and the *quantum* of his damages. To this end it would be competent for him in this case, upon proper pleadings, to show the value of that which had been destroyed, or, in other words, to show what the business destroyed was worth. But, in order to enable him to prove value, he must allege it in some proper manner. He has failed to allege it in any manner in this case, and for this reason his complaint fails to state a cause of action.

With regard to the gains and profits, the deprivation of which is alleged, it is to be observed that gains and profits which the plaintiff might have made, in his business of buying and selling family groceries, provisions, and other merchandise, are necessarily uncertain, contingent, and speculative, and, therefore, incapable of proof as a measure of damages. *City of Cincinnati* v. *Evans*, 5 Ohio St. 594; *Griffin* v. *Colver*, 16 N. Y. 489. It follows that the allegation of damage to the extent of $10 per day, etc., arising from the deprivation of such gains and profits, does not aid the complaint as respects the statement of a cause of action.

Order affirmed.