FLAVIN BENJAMIN, Administrator, *vs.* PATRICK D. SMITH.

April 11, 1890.

**Replevin—Omission to Claim Immediate Delivery.**—The action of replevin is not changed into one for conversion by plaintiff omitting to claim ⸱n immediate delivery under Gen. St. 1878, *c.* 66, § 132.

Action brought in the district court for Rice county, the complaint alleging that since the decease of John Doyle, plaintiff's intestate, the defendant, in Rice county, wrongfully and unlawfully took possession of certain described personal property, of the value of $600, owned by the decedent at the time of his death, and of which the plaintiff, as administrator, is entitled to immediate possession, and that the defendant now wrongfully detains the property at Le Sueur coun-

ty. The complaint properly alleges plaintiff's appointment as administrator and a demand on defendant, and prays judgment for the immediate return and possession of the property, or for its value, with $25 damages for its detention. The plaintiff took no steps to obtain possession pending suit. Before answering the defendant demanded that the place of trial be changed to Le Sueur county, where he resided, and after answering moved the court to order such change, which motion was denied by *Buckham,* J. The cause was thereafter tried before the same judge, with the following verdict: "We the jury find for the plaintiff, and assess his damages at the sum of $241.46." The defendant appeals from an order refusing a new trial.

*J. B. O'Malley* and *H. J. Peck,* for appellant.

*Thos. H. Quinn,* for respondent.

GILFILLAN, C. J. The action for possession of personal property is commenced by the service of summons, as other actions are, and not, as was the former action of replevin, by writ requiring a seizure of the property. The statute (Gen. St. 1878, *c.* 66, § 132) leaves it optional with the plaintiff to claim an immediate delivery at the time of issuing the summons, or after that and before answer, or to waive that, and let the action proceed, the possession to be obtained upon execution after judgment. The character of the action is determined by the complaint, and not by the plaintiff claiming, or failing to claim, immediate delivery. If he waive his right to an immediate delivery, the action is not thereby changed to one for conversion merely. The action was therefore properly triable in the county of Rice, and the court correctly denied the motion for a change of venue. The evidence justified the verdict.

Judgment affirmed.