FRANK P. O'NEILL vs. ANNA R. JOHNSON.

Argued by appellant, submitted on brief by respondent, May 19, 1893. Decided June 8, 1893.

**Complaint Construed.**

Complaint *held* to state a cause of action for malicious prosecution.

**Malicious Prosecution of a Civil Action.**

An action will lie for malicious prosecution of a civil action.

**Damages Remote and Speculative.**

The allegations being, in effect, that a garnishment in the action prevented the payment of $54 to plaintiff's firm; that by reason of its nonpayment they were unable to pay their rent and employes, and because they were so unable their landlord became dissatisfied, and terminated their lease, and their employes became dissatisfied, and refused to work, and in consequence thereof their business was ruined,—*held*, the injury to the business was not the natural and proximate result of the garnishment, and the damage too remote and speculative.

Appeal by plaintiff, Frank P. O'Neill, from a judgment of the District Court of Hennepin County, *William Lochren*, J., entered against him May 9, 1892, for $12.68 costs.

The defendant, Anna R. Johnson, on April 16, 1891, commenced a civil action in a Justice's Court against the plaintiff, Frank P. O'Neill, to recover rent of a dwelling-house leased by her to his father. She claimed that Frank P. agreed to pay the rent. She at the same time made affidavit that she believed that James A. Kellogg was indebted to Frank P. in a sum exceeding ten dollars, and the Justice, on her request, issued a garnishee summons requir-

ing Kellogg to appear before him on April 27, 1891, and answer concerning such indebtedness. The summons was served, and on that day the parties and Kellogg appeared, and the proceedings were dismissed, and the action ended. Kellogg was indebted to Frank P. and his brother jointly, in the sum of $54, which he refused to pay while the garnishee proceedings were pending.

Afterwards Frank P. O'Neill commenced this action against Mrs. Johnson for maliciously prosecuting that action and garnishing Kellogg, alleging that in defending he was compelled to spend time and labor, worth $10, and to employ an attorney and pay him $5, and that his business was broken up by his failure to get the money due him and his brother. He claimed to have thereby sustained $2,000 damages.

When the issues came to trial April 5, 1892, the court dismissed the action on the ground that the complaint stated no cause of action. Judgment was entered, and plaintiff appeals.

*J. M. Burlingame,* for appellant.

The court erred in granting the motion of the defendant for judgment on the pleadings. This action will lie for the prosecution of a suit with malice, and without probable cause, if the suit is terminated in favor of the party complaining and he sustained therefrom legal damages. *McPherson* v. *Runyon,* 41 Minn. 524; *Closson* v. *Staples,* 42 Vt. 209; *McCardle* v. *McGinley,* 86 Ind. 540; *Cox* v. *Taylor's Adm'r,* 10 B.. Mon. 20; *Antcliff* v. *June,* 81 Mich. 477; *Juchter* v. *Boehm,* 67 Ga. 538; *Magmer* v. *Renk,* 65 Wis. 364; *Morris* v. *Scott,* 21 Wend. 281; *McCracken* v. *Covington City Nat. Bank,* 4 Fed. Rep. 602; *Brewer* v. *Jacobs,* 22 Fed. Rep. 217.

Action may be maintained for maliciously suing out process of garnishment, and in such case the main question to be considered is whether the process of garnishment was in fact sued out maliciously and without probable cause. *Schumann* v. *Torbett,* 86 Ga. 25. All the loss which the plaintiff sustained in his business as the direct and natural result of the suit, the costs of attorney, as well as all other expenses necessarily incurred in defense, are to be taken into the estimate of damages. *Magmer* v. *Renk,* 65 Wis. 364; *Tiblier* v. *Alford,* 12 Fed. Rep. 262.

*McHale & Abell,* for respondent.

Frank P. O'Neill claims damages because the firm of Frank P. O'Neill & Bro. could not collect the sum of $54, and in consequence thereof that *their* business was ruined. If the act complained of was the direct cause of the loss to said firm, and if Frank P. O'Neill & Bro. had commenced a suit for damages, they could not have recovered, for the reason that gains and profits in business are uncertain and incapable of proof as a measure of damages. The damages claimed are speculative and too remote and contingent. *Simmer* v. *City of St. Paul,* 23 Minn. 408, and cases cited.

Plaintiff could have given a bond, and released the money, and recovered it of Kellogg. Compensation cannot be awarded for the loss of trade, destruction of credit or failure of business prospects. It appears from the answer that Mrs. Johnson had, or at least honestly believed that she had, a just claim against appellant for rent. That she had probable cause, there is no question. The cases cited by appellant are not in point. They are based upon criminal prosecutions, and are cases where the complaints state facts showing actual malice. In every case it appears that the complaining party had sustained actual legal damages, by reason of the facts alleged. Plaintiff has contented himself with alleging that defendant maliciously brought suit against him, without stating any facts showing malice.

GILFILLAN, C. J. The court below, in ordering judgment for defendant on the pleadings, undoubtedly did so because it considered the complaint does not state a cause of action. The statement of damage recoverable in such an action is so obscured by statements in regard to damages not recoverable, because too remote and speculative, that we suspect the court overlooked the former, its attention being wholly directed to the latter.

An action will lie for maliciously and without probable cause prosecuting a civil action, whereby damage is caused to the defendant in such action. *McPherson* v. *Runyon,* 41 Minn. 524, (43 N. W. Rep. 392;) *Burton* v. *St. Paul, M. & M. Ry. Co.,* 33 Minn. 189, (22 N. W. Rep. 300;) *Rachelman* v. *Skinner,* 46 Minn. 196, (48 N. W. Rep. 776.)

In an action for malicious prosecution malice is a fact to be pleaded as such, and it would be bad pleading to set forth the evidence to establish it. Want of probable cause, though made up of a question of fact and a question of law, is, like many other composite facts,—such, for instance, as title to property,—a fact for the purpose of pleading, and may be stated directly.

In this complaint it is alleged that the action by defendant against plaintiff was instituted maliciously and without probable cause, and it is further alleged "that this plaintiff was indebted to the defendant in no sum, and liable to her in no manner, whatever, which defendant well knew," from which facts as matter of law there was no probable cause. The termination of that action is alleged, and also that plaintiff necessarily lost time and performed work in and about the defending said action in the sum of $10, and employed attorneys and was compelled to pay and did pay them $5 for their services in the defense of the action. These were direct and proximate damages from the malicious bringing of the action, and are recoverable.

The complaint, therefore, states a cause of action.

But the damages predicated on the allegations that by reason of the garnishment in the action the $54 was not paid to plaintiff's firm, and because it was not paid they were unable to pay their rent and employes in their business, and because they were unable to pay their rent and employes their landlord became dissatisfied, and terminated and canceled their lease, and their employes became dissatisfied, and refused to work for them, and as a consequence their business was ruined, and their prospects blighted, are too remote and speculative. There is too much room for contingencies and intervening causes between the garnishment of the $54 and the alleged injury to the firm's business and prospects to permit of the latter being considered as the natural and proximate result of the former. Whether it was the result of the former at all must necessarily be arrived at by conjecture and speculation. *Cushing* v. *Seymour, Sabin & Co.*, 30 Minn. 301, (15 N. W. Rep. 249;) *Simmer* v. *City of St. Paul*, 23 Minn. 408; *Swinfin* v. *Lowry*, 37 Minn. 345, (34 N. W. Rep. 22;) *Carsten* v. *Northern Pac. R. Co.*, 44 Minn. 454, (47 N. W. Rep. 49.)

In *Goebel* v. *Hough,* 26 Minn. 252, (2 N. W. Rep. 847,) the injury to the business was the direct, immediate result of the wrongful act.

Judgment reversed.

VANDERBURGH, J., absent.

(Opinion published 55 N. W. Rep. 601.)