CHRISTIAN CASPER v. OLE J. KLIPPEN and Another.[1]

June 11, 1895.

Nos. 9453—(144).

| 61 | 353 |
| 69 | 496 |
| 61 | 353 |
| 80 | 337 |
| 61 | 353 |
| 2LRA 57n |

**Wrongful Seizure on Execution—Damages.**

Where part of a merchant's stock of merchandise is wrongfully levied on, seized, and carried away, and by reason thereof he is compelled to discontinue business, on account of which he is compelled to sell the balance of his stock for less than its value, *held*, the loss from such sale is too remote a consequence of such wrongful levy and seizure to form the basis of an assessment of damages.

**Same—Loss of Profits.**

It is further *held* that the damages caused by loss of future profits in this case are too remote and uncertain to be allowed.

**Justification under Execution—Misnomer of Defendant.**

Atwood v. Landis, 22 Minn. 558, overruled. Third parties brought an action against this plaintiff, obtained judgment by default, and procured execution to be issued, under which the defendants, as sheriff and deputy sheriff, levied on the property of this plaintiff. All of the proceedings are regular except that in all of them the name of this plaintiff is written "Charles" Casper, by which name he never was known, but his true name is "Christian" Casper. *Held*, the judgment is not absolutely void, but it and all of said proceedings are capable of being amended. *Held*, further, the defendants cannot justify under said execution until it and the judgment and all the proceedings are amended in a direct proceeding for that purpose.

Appeal by defendants from an order of the district court for St. Louis county, Ensign, J., denying a motion for a new trial. Reversed.

*Handlan & MacGregor* and *Fryberger & Johanson*, for appellants.
*Crocker & Crandall*, for respondent.

CANTY, J. This is an action against the sheriff of St. Louis county and his deputy for wrongfully carrying away and converting to their own use a part of plaintiff's stock of groceries, of the value of $93. It is also alleged in the complaint that plaintiff was engaged in the business of keeping a grocery store, and that by

[1] Reported in 63 N. W. 737.
v.61 m.—23

reason of said wrongful acts of defendants his credit was destroyed, his business broken up, and he was obliged to sell the rest of his stock for less than its value. He alleges that by reason thereof he was damaged in the sum of $900. On the trial before the court without a jury the court found for plaintiff, and found "that the value of said goods so taken by said Ole J. Klippen [the deputy], as aforesaid, was the sum of ninety-three dollars, that by reason of the taking of said goods from the store of said plaintiff, as aforesaid, the plaintiff was damaged in the sum of two hundred and ninety-three dollars," and ordered judgment for plaintiff for that sum. From an order denying their motion for a new trial, defendants appeal.

1. On the trial, plaintiff was permitted, against objection, to prove that after defendants had so taken away a part of his goods, he was, by reason thereof, unable to continue his business, and sold a portion of the balance of his goods, worth $176, for $99, which was the best price he could get for them, and that by reason thereof he lost $77. It was error to overrule this objection and receive this evidence. Such damages are too remote to constitute the basis of recovery, and there was no proof of malice or bad faith on which punitive damages could be awarded.

2. The court allowed plaintiff, against objection, to prove loss of future profits, caused by the business being broken up, as he claims, by the taking and carrying away of said $99 worth of goods out of a stock worth $324. This was error. It is well settled that damages for the loss of such future profits are too speculative, remote, and uncertain to be allowed. Simmer v. City of St. Paul, 23 Minn. 408; Cushing v. Seymour, Sabin & Co., 30 Minn. 301, 15 N. W. 249; O'Neill v. Johnson, 53 Minn. 439, 55 N. W. 601; Williams v. Wood, 55 Minn. 323, 56 N. W. 1066. There may be cases where a mercantile business is so well established, its profits so uniform and certain and subject to so few contingencies, that the doctrine of Goebel v. Hough, 26 Minn. 252, 2 N. W. 847, will apply, but they are rare. This is not such a case.

3. Defendants sought to justify the taking of plaintiff's goods under an execution issued out of the municipal court of Duluth against Charles Casper, whom they alleged to be the same person as this plaintiff. It appears by the evidence that one Messick and

one Macauley, intending to bring an action in said municipal court against this plaintiff, served on him a summons and complaint in which the name of the defendant was written "Charles" Casper, while his true name is "Christian" Casper. Thereafter judgment was entered in that action against him as Christian Casper, by default, for the recovery of the sum of $17.64, and execution was issued thereon against him by the same name, under which defendants made said levy and took said goods. On the trial of this action Casper admitted that said summons was personally served on him, and that he was indebted to Messick and Macauley in a small amount, but he denies that the amount is as much as they claimed in that action. He did not appear in that action, and his true name is nowhere stated in the proceedings. The court, in effect, found that he was never known by the name of Charles Casper. On the authority of Atwood v. Landis, 22 Minn. 558, the court held that the execution, and all the proceedings in that action, were null and void, and no protection to these defendants.

The case of Atwood v. Landis is opposed to the great weight of authority, by which it is held that such a judgment is valid, and that in all future litigation the true name of the defendant may be stated, and he may be connected with the judgment by proper averments. Crawford v. Satchwell, 2 Strange, 1218; Oakley v. Giles, 3 East, 167; Smith v. Patten, 6 Taunt. 115; Fitzgerald v. Salentine, 10 Metc. (Mass.) 436; Parry v. Woodson, 33 Mo. 347; First N. Bank v. Jaggers, 31 Md. 38; Lafayette Ins. Co. v. French, 18 How. 404; Waldrop v. Leonard, 22 S. C. 118; Bloomfield R. Co. v. Burress, 82 Ind. 83; Guinard v. Heysinger, 15 Ill. 288; Pond v. Ennis, 69 Ill. 341; Welsh v. Kirkpatrick, 30 Cal. 203; Sutter v. Cox, 6 Cal. 415; 1 Black, Judgm. § 213. Outside of a few supreme court cases in New York, and the case of Cole v. Hindson, 6 T. R. 234, Atwood v. Landis is supported by but little authority. Besides, it is not sound in principle. There are many other defects in process and proceedings just as radical as that of a misnomer of the defendant which are held to be amendable. At the same time such a misnomer often has a tendency to mislead the defendant, which no other defect in the process would be likely to have; and when it appears in such a case that the defendant has been misled, the court might abuse its discretion by ordering an amendment, after default

and entry of judgment, without giving the defendant leave to answer and defend.

While, in our opinion, the doctrine is not sound which holds that such a judgment is absolutely void, and cannot be amended, neither, in our opinion, is the doctrine sound which holds that such a judgment is in all respects valid, and needs no amendment. It is held by the great weight of authority that, though the true name of the defendant nowhere appears in the proceedings or judgment, or any name by which he was ever known, yet in a collateral proceeding his true name may be stated, and he connected with the judgment by proper averments.

Speaking for myself, it seems to me that in principle this is attacking collaterally the judgment which appears to exist, and proving by parol evidence a judgment which exists only in parol. In the summons and return of service of the same the name of the defendant is John Brown. In a collateral proceeding you contradict the summons and return, and show that the service was in fact made on John Smith, and he is the man who is intended by the name "John Brown" in the summons, although he never was known by that name. If the record imports absolute verity, how can you do this? Even where the record, on its face, affirmatively shows want of jurisdiction, it is held that it imports absolute verity, and in a collateral proceeding cannot be contradicted by showing facts which would establish jurisdiction. Freeman, Judgm. § 125; Ainge v. Corby, 70 Mo. 257; Hahn v. Kelly, 34 Cal. 391. We are all of the opinion that Atwood v. Landis should be overruled.

But while we are of the opinion that the court in fact had jurisdiction in the action in which the judgment here in question was rendered, yet that judgment, and all of the proceedings in that action, were so defective that the judgment was abortive, and could not be put in evidence in this action to justify the seizure of Casper's property until the judgment, execution, and all of the proceedings in that action were amended by a direct proceeding for that purpose. For this reason the court below did not err in holding that the judgment in question was no justification. Neither the judgment nor execution could be used for the purpose of justification until they had been amended.

The order appealed from is reversed, and a new trial granted.