P. S. WHITE v. WILLIAM C. FLAMME and Another.[1]

January 28, 1896.

Nos. 9744—(247).

**Municipal Court—Jurisdiction—Recovery of Personal Property.**

The character of an action brought in the municipal court of the city of Minneapolis to recover possession of personal property is to be determined by the complaint, and not by the plaintiff claiming or omitting to claim immediate delivery, under the provisions of Sp. Laws 1889, c. 34, § 11. If he waives his right to immediate delivery, the action is not thereby changed to one for conversion merely.

Action in the municipal court of Minneapolis. The complaint alleged that defendants executed to M. White a certain note and a chattel mortgage securing the same, wherein they agreed that on default the mortgagee or his assigns could take the mortgaged property and sell it in payment of the amount secured; that said note and mortgage were assigned to plaintiff; that the mortgage was in default and that defendants had refused to deliver the mortgaged property on demand. The complaint prayed judgment for return of the property, or in case a return could not be had that plaintiff have judgment for his special interest therein. Defendants failed to answer or appear, and the case was tried before Holt, J., who found the facts as alleged and judgment was entered for a return or in case it could not be had for $125.38. Thereafter defendants moved to vacate and set aside the judgment on the ground that it was void because the court had no jurisdiction to enter any judgment for the possession of personal property or the value thereof, unless all proceedings were had under and in conformity with Laws 1889, c. 161, § 2. From an order, W. A. Kerr, J., denying their motion, and also from the judgment, defendants appealed. Affirmed.

*Merrick & Merrick*, for appellants.
*Dougherty & Peterson*, for respondent.

COLLINS, J. By the terms of section 9 of the act creating the municipal court for the city of Minneapolis,[2] as amended by Sp.

---

[1] Reported in 65 N. W. 959.       [2] Sp. Laws 1874, c. 141.

Laws 1889, c. 34, civil actions in said court are to be commenced in the same manner as are such actions in district court. The form and contents of the summons are to be the same, except that the period within which answer is required to be made is reduced from 20 to 10 days. By section 2 the municipal court is vested with all of the powers of the district court, where no other provision is made, and all laws of a general nature apply, in so far as they can be made applicable, and are not inconsistent with the provisions of the municipal court act. And in express terms (section 9) all of the provisions of G. S. 1878, c. 66, from title 1 to 23, inclusive,—except title 4, which relates to the place of trial of actions commenced in district court, title 11, which regulates injunction proceedings, and title 12, which appertains to receivers,— are made applicable to proceedings in the municipal court, except as the provisions of these several titles are modified or wholly changed by the act in question. This includes all of the provisions of title 8, which regulates the procedure known as "claim and delivery," in actions brought to recover possession of personal property, unless there is some modification or change thereof to be found in the municipal court act.

It is contended by appellants that, by the terms of section 11 of this act, the provisions of title 8 of chapter 66, supra, have been changed so that the municipal court cannot obtain jurisdiction over specific personal property, and is without power to render a judgment awarding possession thereof to a plaintiff, unless a bond and affidavit have been filed, a writ issued in the form prescribed, and the property has been seized and taken into the possession of the officer. It is insisted that the proceedure is essentially the action of replevin, as that action is initiated and conducted in justice's court.

That this is an erroneous view seems manifest, for it is only through the service of the writ of replevin that a justice of the peace obtains jurisdiction over the person of a defendant. In that writ the officer is commanded to take the property and deliver it to the plaintiff, and also to summon the defendant to appear and answer on a certain day therein mentioned. G. S. 1894, § 5045. The difference between the writ of replevin and the writ mentioned in section 9 of the municipal court act can be seen at a glance. The latter is simply ancillary to the summons and complaint in

the action itself, directing the officer to take possession of the property in controversy, and, unless the defendant rebonds before the expiration of three days, to then deliver it to the plaintiff. In effect, it does not differ from the procedure in claim and delivery in district court, the only distinction being in matters of form. And that the word "shall" is used, instead of the word "may," as in title 8, does not indicate that the provisions of section 9 were intended to be exclusive or mandatory, or that an action to recover possession of personal property cannot be maintained in the municipal court, except by strictly following these requirements. It is a case where, as in many others, this word is construed as permissive, not as imperative.

The character of an action to recover possession of personal property brought in the municipal court in question is determined by the complaint, and not by the plaintiff claiming or omitting to claim immediate delivery. If he waive his right to an immediate delivery, the action is not thereby changed to one for conversion merely. This is the rule with respect to actions of this nature brought in district court. Benjamin v. Smith, 43 Minn. 146, 44 N. W. 1083.

Order and judgment affirmed.