INDEPENDENT BREWING ASSOCIATION v. CHARLES B. BURT.[1]

December, 24, 1909.

Nos. 16,313—(96).

**Reason For Granting New Trial — Presumption.**

Where it does not appear from the order granting a new trial, or from the memorandum of the court, upon what ground the order is based, a new trial cannot be presumed to have been granted upon the ground that the verdict was not justified by the evidence. R. L. 1905, § 4198, subd. 7; Gay v. Kelley, supra, page 101.

**Damages for Loss of Profits.**

Where one party contracts to sell certain specified goods in a certain district within a given time, and the contract is broken by furnishing unmarketable goods, damages may be recovered for the loss of profits caused thereby, provided the loss is made reasonably certain by competent evidence.

**Same — Pleading.**

The second counterclaim construed, and *held* not to state facts sufficient to constitute a cause of action for damages for loss of profits.

Action in the district court for St. Louis county to recover a balance of $416.37 for goods delivered under a contract whereby plaintiff agreed to supply defendant such goods at stated prices and defendant agreed to sell them exclusively for the period of one year. Defendant set up a first counterclaim for $671.05 for overpayment to plaintiff, a second for $10,000 for loss of profits by plaintiff's failure to supply marketable goods and a third for $5,000 for damage to defendant's business and reputation. The case was tried before Dibell, J., and a jury which rendered a verdict for $836 in favor of defendant. From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

*Miller & Clapp,* for appellant.

*Austin Lathers,* for respondent.

[1]Reported in 123 N. W. 932.

LEWIS, J.

On March 16, 1908, respondent entered into a contract with appellant, C. B. Burt, by the terms of which respondent agreed to sell to appellant such quantities of its bottled beer and malt extract, at certain fixed prices per case, as appellant might from time to time require. Several kinds of beer were specified, viz.: Prima, Burg Brau, Prima Bock, and Export. Appellant agreed to sell respondent's goods exclusively, and to buy no other beer, except that manufactured and sold by respondent, while respondent agreed to furnish its regular brands of bottled beer, and that the same should be of marketable quality. Appellant immediately proceeded to carry out the terms of this contract, but claims that he lost his customers on account of defective goods furnished by respondent, and that he was forced to close out the business about June 1. This action was brought to recover the balance claimed to be due on account, and appellant interposed a counterclaim, among other things claiming damages for loss of profits to his business. The case was submitted to a jury, and a verdict was returned for appellant for $836. Respondent moved for a new trial, upon the ground that the evidence was not sufficient to sustain the verdict, and for errors of law. The court granted the motion for a new trial, without specifying any ground.

No memorandum was attached to the order, and we therefore have a case for the application of the rule that when a motion for a new trial is made upon the ground that the evidence does not support the verdict, and for errors of law, and the order granting the new trial does not specify the ground upon which it was based, the presumption is that the court did not grant the motion upon the ground of insufficient evidence. R. L. 1905, § 4198, subd. 7. Hence the only question before us is whether the trial court committed errors of law.

Although in the motion for a new trial many errors were assigned as the basis of the application, consisting of rulings of the court with respect to the reception of evidence and instructions to the jury, both in the brief and at the argument respondent submitted the case upon the following propositions only: (1) Upon the ground that it appears as a matter of law that appellant is not entitled to any relief, for the reason that the contract under which he operated was one for

the sale of merchandise. (2) Conceding that profits might be recovered under such a contract, that it conclusively appears from the evidence that the contract was voluntarily abandoned by Burt, or, if not, that the business was not established, and its alleged interruption formed no proper basis for damages for loss of profits. (3) That the second counterclaim, as set forth in the answer, does not state facts sufficient to constitute a counterclaim for loss of profits, and the court erred in overruling respondent's objection to the introduction of evidence in support of it.

1. The broad distinction which respondent makes between contracts of sale and contracts of commission is not sustained by the authorities. Goebel v. Hough, 26 Minn. 252, 2 N. W. 847, was a case involving the sufficiency of the evidence, where it was sought to recover damages for the interruption of a mercantile business. In Emerson v. Pacific Coast & N. P. Co., 96 Minn. 1, 104 N. W. 573, 1 L. R. A. (N. S.) 445, 113 Am. St. 603, the contract was one for the payment of commission; but it does not follow that the profits of an interrupted business may not be estimated, where the merchandise is purchased at a fixed price and sold again by the agent.

In the case before us the evidence tends to show that appellant had the privilege of buying his goods for the period of one year at a certain price, and that he determined the selling price by adding a certain amount per case to cover the expense of conducting the business and a reasonable profit. The profits of the business were no less capable of being estimated, provided the business had become sufficiently established, than in the Emerson case, where the agent was permitted to recover his commission based on the estimated amount of sales that could be made within the time. In Doud, Sons & Co. v. Duluth Milling Co., 55 Minn. 53, 56 N. W. 463, the amount of profits which the plaintiffs might make in the manufacture of barrels for a flour mill to be constructed was considered too remote, and not within the contemplation of the parties when they made the contract. See also Howard v. Stillwell & Bierce Mfg. Co., 139 U. S. 199, 11 Sup. Ct. 500, 35 L. Ed. 147.

There is no distinction in principle between these cases and the one before us. They all turn on the sufficiency of the evidence. The

general rule has been broadly stated to be that, where loss of profit is estimated upon the basis of the loss of business such as is conducted by a commercial house, loss of profits from the interruption of business can only be recovered when the business is an established one, and where it is made to appear reasonably certain by competent proof what the actual amount of the loss was. If such result is direct and reasonably certain, then it may be said that the parties contemplated, at the time of executing the contract, that an interference with the business should be compensated in damages by estimating the value of the loss of profits.

But in all of this class of cases cited the evidence failed to establish the fact that the acts complained of directly resulted in a loss by the interruption of the business. For instance, in Central Coal & Coke Co. v. Hartman, 111 Fed. 96, 49 C. C. A. 244, there was no evidence of the expense or the income of the business either before or after the acts complained of. In Atchison v. Thomas, 70 Kan. 409, 78 Pac. 861, the party alleging damage for the breaking of a contract did not establish any business whatever, but was relying wholly upon a new and untried venture. In States v. Durkin, 65 Kan. 101, 68 Pac. 1091, certain plumbers claimed their business had been interfered with. They had no established business. They had contracted for three jobs of plumbing, had finished but two, and lost money on both. They had no capital or stock in trade, and neither of them had theretofore conducted or managed a business of that kind. The same may be said of Silurian v. Kuhn, 65 Neb. 646, 91 N. W. 508, where the alleged loss of profits was based on anticipated or hoped for sales of mineral water, dependent upon the extent of advertising which the vendor had agreed to do. See also Paola v. Paola, 56 Kan. 614, 44 Pac. 621, 54 Am. St. 598; Brown v. Hadley, 43 Kan. 267, 23 Pac. 492.

In reference to the claim of damages under consideration in Wakeman v. Wheeler & Wilson Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. 676, the court says: "They may be so uncertain, contingent, and imaginary as to be incapable of adequate proof, and then they cannot be recovered, because they cannot be proved. But when it is certain that damages have been caused by a breach of contract, and

the only uncertainty is as to their amount, there can rarely be good reason for refusing, on account of such uncertainty, any damages whatever for the breach." The case of Mueller v. Bethesda, 88 Mich. 390, 50 N. W. 319, also sustains the rule that proof of the actual sales by a new agent during his predecessor's unexpired term is not speculative, but may be used as a basis for determining the loss of profits in an action by the latter.

2. For a second counterclaim appellant alleged the execution of the contract; that pursuant to its terms the goods shipped to appellant pursuant to the terms of the contract were in fact of no marketable value, except the first shipment; that by reason of the unmarketable quality of the goods appellant was unable to carry on his business of handling and selling the same pursuant to the terms of his agreement; and that if respondent had carried out the terms of the contract appellant would have profited by his business, pursuant to the terms of the contract, in the sum of $10,000, and by reason of respondent's breach of the contract appellant was damaged in the sum of $10,000.

At the trial respondent objected to the introduction of any evidence in support of this counterclaim, upon the ground that it does not state facts sufficient to constitute a cause of action. The objection was overruled, and evidence was received.

The rule is that in a counterclaim the defendant must allege all the material facts constituting his cause of action, in the same manner as if he were plaintiff. Dunnell, Minn. Pl. §§ 540–588. Under a general allegation of damages the plaintiff may prove and recover those damages which naturally and necessarily result from the act complained of. But special damages are required to be stated, for notice to the other party and to prevent surprise at the trial. This rule is illustrated in Frohreich v. Gammon, 28 Minn. 476, 11 N. W. 88, where it was held that when the damages resulting from the breach of a contract were not such as arose naturally from the breach itself, but such as may reasonably have been contemplated by the parties as the probable result of the breach, then such circumstance must be specially pleaded.

Now the damages sought to be recovered under this counterclaim

are not such as would naturally result from a breach of the contract. It may fairly be said that an interruption of the business to be established by appellant under the contract by a failure of respondent to comply with its terms was reasonably within the contemplation of the parties when they executed it. But the manner in which the loss would result could not be anticipated, for it would depend on the uncertainties of the future. Sufficient of the facts, as they developed, should have been pleaded to put the opposite party on notice as to the nature of the evidence to be introduced. This pleading does not state the extent and nature of the business which respondent had established, nor any facts from which it may reasonably be inferred that a failure on the part of respondent to furnish marketable goods would result in a loss of profits. There was no allegation that appellant might not have gone into the market, and secured the same or other beer of like quality, and thus retained his customers and trade. On the question of failure to properly plead the loss of profits, see Simmer v. City of St. Paul, 23 Minn. 408. See also Casper v. Klippen, 61 Minn. 353, 63 N. W. 737, 52 Am. St. 604; Cushing v. Seymour, Sabin & Co., 30 Minn. 301, 15 N. W. 249; O'Neill v. Johnson, 53 Minn. 439, 55 N. W. 601, 39 Am. St. 615, and Goebel v. Hough, supra. Although in these cases the sufficiency of the pleading was not involved.

We are of opinion that the court erred in receiving evidence in support of this counterclaim, and on this ground the order granting a new trial is affirmed.