## NORTHERN TIMBER PRODUCTS COMPANY v. STONE-ORDEAN-WELLS COMPANY AND ANOTHER.[1]

### July 3, 1919.

### No. 21,239.

**Replevin against sheriff.**

1. Plaintiff alleges that defendant sheriff, holding a writ of attachment in a suit by defendant company against others, at the direction of defendant company attached plaintiff's property and took it into his possession, and withholds possession from plaintiff, that defendants knew or should have known that plaintiff was the owner, and that plaintiff's business and credit were injured. Judgment for return of the property is demanded.

**Replevin — complaint good — return of property.**

2. The complaint states a good cause of action in replevin. It is not necessary that the plaintiff ask for the immediate delivery of the property.

**Same — parties defendant.**

3. Replevin must be directed against a party in possession, but others interested, though not in possession, may be joined as defendants. In replevin against an attaching officer in possession, an attaching creditor who directed the attachment to be made may be joined as a defendant.

**Damages too remote — joinder of causes of action.**

4. Damages to plaintiff's business and credit are too remote and speculative for recovery. The complaint alleges no facts for recovery of punitive damages. It does allege as damages the loss of the use of the property by reason of its detention. In substance the complaint states a cause of action against both defendants for replevin of property and for damages for its detention. This is but a single cause of action. That some of the allegations are labeled "second cause of action" is not important. The complaint is not subject to the objection that causes of action are improperly united and it is not demurrable.

Action in the district court for Roseau county to recover $9,000. The

1Reported in 173 N. W. 439.

allegations of the complaint are found at the beginning of the opinion. Defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, Watts, J., on the ground that two causes of action were improperly united. From the order sustaining defendants' demurrer, plaintiff appealed. Reversed.

*M. J. Hegland* and *Charles T. Wetherby,* for appellant.

*Courtney & Courtney,* for respondents.

HALLAM, J.

1. Plaintiff's complaint alleges that plaintiff owned and had in its possession certain timber; that defendant Stone-Ordean-Wells Company commenced an action against Eklund & Wetherby, a partnership, and obtained a writ of attachment directing the sheriff to seize the unexempt property of said parties; that the writ was delivered to defendant Rice as sheriff; that Stone-Ordean-Wells Company instructed Rice to attach the timber of plaintiff, and in pursuance of such instructions Rice did attach said timber, and took it into possession, and that the same is now withheld from plaintiff and that such detention is wrongful. Judgment for return of the property is demanded.

As a so-called second cause of action it is alleged that the property was taken from the possession of one who was the agent of the plaintiff, a fact "which was well known to defendants, or they could and should have known the same;" that defendant Stone-Ordean-Wells Company had a large claim against Eklund & Wetherby and conceived the idea that it would compel plaintiff to pay the debt and had the sheriff attach the property of plaintiff in order to compel plaintiff to pay said debt; that by reason of the attachment plaintiff was unable to perform contracts which it had made for the sale of said timber; that the attachment caused it to keep idle an employee who was under pay; that it injured plaintiff's credit, and that plaintiff is also entitled to "interest on the value of the timber during the period of attachment."

Defendant demurred on the ground that the complaint failed to state a cause of action and that several causes of action were improperly united. The trial court sustained the demurrer to the complaint and in a

memorandum stated that it was sustained on the ground that two causes of action are improperly united. Plaintiff appeals.

2. The complaint states a good cause of action in replevin. All the necessary allegations are present. Plaintiff does not ask immediate delivery of the property, but this is not necessary. Benjamin v. Smith, 43 Minn. 146, 44 N. W. 1083; White v. Flamme, 64 Minn. 5, 65 N. W. 959.

3. It states a cause of action in replevin against both defendants. Replevin could not have been maintained against defendant Stone-Ordean-Wells Company alone, for that defendant was not in possession, and replevin must be directed against a party in possession. Tozier v. Merriam, 12 Minn. 46 (87). But it is equally clear that another party interested with the party in possession may be joined with him as a defendant. In replevin against an attaching officer who has possession under the writ of attachment, the attaching creditor who directed the attachment to be made may be joined as a defendant, to the end that the whole controversy may be determined in one action. Cobbey, Replevin, § 441.

The so-called second cause of action relates entirely to allegations of damages. Most of the allegations are insufficient.

The alleged damage to plaintiff's business and credit is too remote for recovery. O'Neill v. Johnson, 53 Minn. 439, 55 N. W. 601, 39 Am. St. 615; Casper v. Klippen, 61 Minn. 353, 63 N. W. 737, 52 Am. St. 604; Sutherland, Damages, §§ 512, 513.

The complaint falls far short of alleging the facts essential to the recovery of punitive damages. Vine v. Casmey, 86 Minn. 74, 90 N. W. 158; Anderson v. International Harvester Co. 104 Minn. 49, 116 N. W. 101, 16 L.R.A.(N.S.) 440.

Plaintiff, however, alleges a detention of the property by attachment, and claims as damages "interest on the value of the timber during the period of attachment." This, crudely stated, is in substance an allegation and claim of damages for the value of the use of the property by reason of its detention, and it is an assertion of a claim against both defendants.

Stripped of its much redundant matter the complaint states a cause of action in replevin for the recovery of personal property and for dam-

ages for its detention, nothing more. These two demands may be joined. G. S. 1913, § 7780. They constitute but a single cause of action and they affect both parties. The fact that the pleader labeled a portion of his complaint "second cause of action" is not important. The question is has he alleged two causes of action which are inconsistent? He has not. He has alleged but one. The complaint is not demurrable. Application may be made to the trial court for leave to answer.

Order reversed.