## LIBBIE BELL v. DAVID FRIEDMAN AND ANOTHER.[1]

January 9, 1925.

No. 24,342.

**Complaint stated cause of action.**

The complaint, though somewhat indefinite, stated a cause of action for injury to plaintiff's property rights by the wrongful acts and conduct of defendants' decedent which survived his death, and it was error to grant judgment on the pleadings.

Action in the district court for Hennepin county to recover $6,150. The case was tried before Salmon, J., who ordered judgment in favor of defendants on the pleadings. From the judgment, plaintiff appealed. Reversed.

*Margaret A. Young* and *A. B. Jackson,* for appellant.

*Jonas Weil,* for respondents.

[1]Reported in 201 N. W. 614.

HOLT, J.

The appeal is from a judgment on the pleadings. The complaint is not a model. It alleges, in substance, that plaintiff was a tenant of Joseph Robitschek from September 3, 1920, to September 1, 1922, occupying the second and third stories of a certain building as a hotel and lodging house, using part of the rooms as a residence for herself and family; that the landlord unlawfully and wrongfully, during plaintiff's lease, maintained and conducted underneath her premises a public liquor nuisance where intoxicating liquors were sold in violation of law, and on account thereof drunken and disorderly persons, using profane and insulting language to and in the presence of plaintiff and her lodgers, blocked the entrance of her premises and mistakenly sought for liquor in her apartment; that the shouting, hallooing, loud and profane language continued on said ground floor below the premises occupied by plaintiff all night long, depriving plaintiff and her family of rest and sleep; that by reason thereof plaintiff's home and premises were subject to trespass and invasion on the part of the frequenters of said nuisance and of Federal and state officers in their search for violators of the law, through all of which plaintiff was disturbed and interfered with in the possession, comfort and enjoyment of her home and in the said business, all to plaintiff's damage in the sum of $3,500. It is also alleged that by reason of the facts stated the value of plaintiff's business was injured and the value of her leasehold reduced in the sum of $1,450, and her net profits from said business reduced in $1,200. It set out that Joseph Robitschek died in August, 1922, testate, and defendants are executors of his estate. The answer admitted the lease, plaintiff's business in the premises leased, the death of Robitschek, the appointment of the defendants as executors, and denied all other averments of the complaint.

Judgment on the pleadings should be denied, if the pleading assailed can be sustained by the most liberal construction. Dunnell, Minn. Dig. § 7694. "The rule is more liberal in favor of the pleading than when it is attacked by demurrer." Robertson v. Corcoran, 125 Minn. 118, 145 N. W. 812. Motions for judgment

on the pleadings should not be a substitute for a demurrer. McLaughlin v. City of Breckenridge, 122 Minn. 154, 141 N. W. 1134, 142 N. W. 134. That a pleading is indefinite is not a ground for granting judgment against the pleader. Malone v. Minn. Stone Co. 36 Minn. 325, 31 N. W. 170. This action is grounded upon the tort of defendants' decedent. If the damages claimed are only for injuries to the person of plaintiff, the cause of action did not survive the tort feasor. "All other causes of action by one against another, whether arising on contract or not survive." G. S. 1913, § 8174. The injuries alleged under the liberal rule stated are at least in part to property rights. The case of Erb v. Western Display Co. 155 Minn. 225, 193 N. W. 177, cannot be distinguished from the present case. There the defendant's wrong in the operation of a factory destroyed the quiet enjoyment of the plaintiff's adjacent dwelling, and disturbed his repose and that of his family, and by constant shaking and vibration of the dwelling rendered it unfit for habitation. The injury stated was held to be to property, within the principle of Millett v. Minn. Crushed Stone Co. 145 Minn. 475, 177 N. W. 641, 179 N. W. 682, and the cause of action survived. Of course, the damages claimed under this complaint arising from tort, cannot be filed or adjusted in the probate court. Comstock v. Matthews, 55 Minn. 111, 56 N. W. 583.

Simmer v. City of St. Paul, 23 Minn. 408; Singer Mnfg. Co. v. Potts, 59 Minn. 240, 61 N. W. 23; Independent Brewing Co. v. Burt, 109 Minn. 323, 123 N. W. 932, are cited by respondent, but none go to the sufficiency of the allegations of general damages from the injury resulting to an occupant of premises and his family from the wrongful disturbance and interference with the enjoyment thereof by a wrongdoer.

The judgment must be reversed.