BALTIMORE BELT RAILROAD COMPANY ET AL. *vs.* GEORGE WILLIAM SATTLER, EXTR., ETC.

*Injury to House Adjoining Railway Cut From Vibration and Smoke— Survival of Cause of Action—Evidence—Measure of Damages—Instructions to Jury.*

An action brought by the owner of a house and lot located near a railway tunnel to recover damages for interference with the enjoyment of the property caused by smoke, noxious vapors, etc., from the tunnel, and for injury to the house caused by vibration, etc., resulting in fractures of the walls, does not abate by the death of the plaintiff but survives to his personal representatives, under Code, Art. 75, sec. 25.

In an action against a railway compay to recover damages for material injury to plaintiff's house. situated near the mouth of a tunnel, resulting from the vibration which caused the walls to settle and crack, as well as for interference with the reasonable enjoyment of the property caused by smoke, cinders and vapors coming from the mouth of the tunnel, evidence of the existence of these sources of injury, and as to the cost of repairing the house, and as to the fact that the vibration from trains produced the cracks, is admissible, since the plaintiff is entitled to recover for such nuisance if found by the jury to have been produced by the defendant.

But evidence of certain municipal ordinances prescribing the conditions upon which the tunnel and open cut should be constructed, is not admissible, nor evidence as to the effect the running of trains would have had if the ordinances had been complied with.

In said action the evidence was conflicting as to whether the repairs to the house were made necessary by age and usual wear or by the vibration of the trains, and it was also in evidence that repairs had been paid for by plaintiff's husband and not by her. *Held*, that ordinarily in such a case, the measure of damages would be a sum sufficient, at the time of institution of the suit, to repair the injury to the house caused by the defendant, but the character of the evidence in this case required the jury to be instructed that their verdict should not include the cost of repairs paid for by plaintiff's husband, or the cost of repairs made necessary by reason of the age or natural wear of the house.

Consequently, it was error to instruct the jury that they may award such damages as would have been sufficient at the institution of the suit to re-instate the house in as good condition as it was prior to the injury, unless they found that by reason of the repairs made, the strength of the walls have been maintained, there being no evidence of the cost of making said repairs.

And it was error to reject the defendant's prayer instructing the jury that if the injury caused by the running of defendant's trains was repaired, and the property restored to its former condition before the commence-ment of the suit, without any expenditure by the plaintiff, then she is not entitled to recover for such injury.

*Decided February 13th, 1907.*

Appeal from the Court of Common Pleas (DOBLER, J.), where there was a verdict for the plaintiff for $4,000.

*Defendant's 8th Prayer.*—If the jury find from the evidence that the property owned by the deceased, Catherine Sattler, was during the time between the first running of defendant's trains and the beginning of the present suit, injured by the running of defendant's trains, but that said injury was repaired and the property restored to its former condition before the commencement of said suit without expenditure by said Cath-erine Sattler of any kind then the plaintiff is not entitled to re-cover for such injury to said property. (*Rejected.*)

The cause was argued before MCSHERRY, C. J., BRISCOE, BOYD, PEARCE, SCHMUCKER, JONES and BURKE, JJ.

*W. Irvine Cross* and *Duncan K. Brent*, for the appellant.

*Oscar Wolff*, for the appellee.

BURKE, J., delivered the opinion of the Court.

1. This record contains twenty-six bills of exceptions, twenty-five of which were taken to the ruling of the Court upon questions as to the admissibility of evidence, and one to the ruling upon the prayers. Five exceptions, viz: the tenth, twenty-first, twenty-second, twenty-third and twenty-fifth were abandoned at the hearing in this Court.

The suit was originally instituted by Catharine Sattler for the recovery of damages for injuries done to her property by the defendants. The property is located on Charles street in the city of Baltimore near the open cut of the defendant companies, immediately south of Twenty-sixth street, between Charles and St. Paul streets. The plaintiff's property has a frontage of fifty feet on Charles street with an even depth of about 184 feet to a twenty-foot alley, and is improved by a dwelling house in which the plaintiff resided. The husband of the plaintiff, George William Sattler, owned two adjoining lots on the north and south, each of which was unimproved, and these lots were used as a garden and lawn in connection with the lot of the plaintiff. We insert a diagram of the property showing more clearly its location and extent.

The declaration contains three counts. The first count, after stating the location of the property as shown upon the above diagram, and the plaintiff's ownership, alleges "that the defendant, the Baltimore Belt Railroad Company, is the owner of a railroad which runs a few feet to the north of the plaintiff's lot, and the defendant, the Baltimore and Ohio Railroad Company, runs trains and engines and cars from time to time over said railroad by virtue of an agreement between it and the defendant, the Baltimore Belt Railroad Company, the terms of which arrangement are unknown to the plaintiff; that from the engines which are run over the said railroad by the defendants aforesaid, are and have been for a long time past, discharged large quantities of smoke and offensive and unwholesome vapors upon the plaintiff's land, which said smoke and offensive and unwholesome vapors have caused great discomfort and annoyance to the plaintiff and her family, and have taken away from her and them the reasonable and comfortable enjoyment of said house as a place of abode, to the great damage to the plaintiff." The second count is substantially like the first.

The third count is as follows: "For that the plaintiff is now and has been for more than twelve years past the owner of a lot and parcel of land fronting on Charles street near Twenty-fifth street in Baltimore City, State of Maryland, having a frontage on said Charles street of about fifty feet with an even depth of about one hundred and eighty-four feet and three inches, to a twenty-foot alley, upon which lot is erected a substantial brick house in which the plaintiff has during the period above mentioned resided and now resides with her family; that the defendant, the Baltimore Belt Railroad Company, is the owner of a railroad which runs a few feet to the north of the plaintiff's lot, and the defendant, the Baltimore and Ohio Railroad Company, runs trains from time to time over the said railroad by virtue of an arrangement between it and the said Baltimore Belt Railroad Company, the terms of which arrangement are unknown to the plaintiff; that the trains so run by the defendants aforesaid produce heavy vibrations which are communi-

cated directly to the walls of plaintiff's said dwelling house causing the same to crack and settle out of plum line, thus materially diminishing their strength and stability to the great loss and damage of the plaintiff."

There is an agreement in the record which shows that the Baltimore Belt Railroad Company is a corporation, and is operated by the Baltimore and Ohio Railroad Company, also a corporation, and has been so operated since the fourth day of August, 1895; that the tracks of the Baltimore Belt Railroad, which run between Oak street and the York road, embracing the tracks immediately south of Twenty-sixth street and north of the property of the plaintiff, Catharine Sattler, are used by the Baltimore and Ohio Railroad Company in running its trains between Baltimore and Philadelphia, and have been so used since the fourth day of August, 1895. The plaintiff limited her recovery for injuries done by the defendants in the interval of time between the fourth day of August, 1895, and the 8th day of October, 1902, the date of the institution of the suit.

As shown by the averments of the *narr.* which have been quoted, the precise injuries for which the plaintiff sought to recover were first, the interference with the reasonable and comfortable enjoyment of her house as a place of abode, and secondly, for material injury to the house itself, as alleged in the third count of the declaration. On the 29th of January, 1906, before the trial of the case, Catharine Sattler died, and on the 9th of April, 1906, George William Sattler, her executor, by an order of Court, was made a party plaintiff in the case in place of said deceased. The case was tried in the Court of Common Pleas, and resulted in a verdict and judgment for the plaintiff, from which judgment the defendants have prosecuted this appeal.

In the cases of the *Belt Railroad Company et al.* v. *George William Sattler,* 100 Md. 306, and 102 Md. 595, many of the principles applicable to this case were announced, and the conclusions reached in those cases, so far as applicable to this, render unnecessary a discussion of a number of ques-

tions raised on this appeal.    In those cases it was decided that for such injuries as those stated in the plaintiff's declaration she would have a right to recover; provided the averments of the declaration were supported by the evidence produced at the trial.    In *Belt Railroad Company* v. *Sattler*, 102 Md. 595, wherein the declaration in many respects was identical with the one in this case, this Court said: "If the jury believed the plaintiff's evidence, he was entitled to recover damages for the interference to the reasonable and comfortable enjoyment of his property, caused by the defendants, and also for any material injury, or destruction of his property."    The nature of the injuries complained of in the declaration in this case, with the exception of those to the house itself, is in substance identical set out in the records in the cases above mentioned, and the sources of these injuries and the effects upon the reasonable and comfortable enjoyment of the property are fully shown in those cases, and are substantially the same as are described by the witnesses in this case.

Assuming the evidence offered in the case to have been admissible, the plaintiff undoubtedly, upon the principles declared in the two cases referred to, would have been entitled to recover for both elements of damages stated in the *narr.* and upon her death the causes of action did not abate, but devolved upon her executor under *Section twenty-five, Article 75, Code of 1904.*    CHIEF JUDGE MCSHERRY, discussing the effect of our survival statutes in the case of *Stewart, Administrator,* v. *The United Electric Light and Power Company et al.,* 104 Md. 332, decided November 15th, 1906, said: "These statutes give no new cause of action, but merely prevent a subsisting and pending one from abating by the death of the plaintiff. That cause of action is in such instances devolved upon the executor or administrator, and when ripened into a judgment, becomes an asset of the decedent for the benefit of his creditors, if he has any, or for the benefit of his legatees and distributees."

This outline of facts and statement of legal principles will enable us to dispose of the second, third, sixth, seventh,

eighth, ninth, eleventh, twelfth, thirteen, fourteen, fifteenth, and sixteenth exceptions all of which were taken to the rulings of the Court permitting witnesses to testify to facts which tended directly to prove the causes of action stated in the first and second counts of the declaration. These causes of action having devolved upon George William Sattler, the executor of the original plaintiff, and he having under the statutes the right to prosecute the suit to final judgment, to exclude the evidence embraced in these exceptions would be in effect to deny altogether his right to recover upon the causes of action alleged in those counts of the *narr.* This evidence was properly admitted.

The first exception was to the admission in evidence of certain ordinances prescribing the terms and conditions under which the open cut should be constructed through the city, and the fourth and fifth exceptions to permitting witnesses to testify as to what would have been the effect upon the plaintiff's property by the running of trains had the requirements of these ordinances been complied with by the Railroad Company. We cannot see upon what possible grounds these ordinances were admissible. The suit was not for the violation of any obligation imposed by the ordinances upon the Railroad Company. No such breach of duty is alleged in the *narr*, and the observance by the defendants of the requirements of those ordinances constituted no defence to the action. No issue of negligence was raised by the pleadings, and no damages claimed for the violation of any ordinance. The suit was simply one of trespass on the case in which the plaintiff was permitted to prove the nature and extent of the injury done to the property of the testatrix by the running of the defendant's trains. To permit an inquiry into the duties imposed by the city upon the Railroad Company under a legislative contract to which the plaintiff's testatrix was not a party, and for the alleged breach of which no claim was made in the pleadings would be not only wholly irrelevant and immaterial, but would tend to prejudice the defendants in the trial of the real issues involved.

We find no error in the rulings upon the seventeenth, eighteenth, nineteenth and twentieth exceptions. These were taken to the testimony of Henry F. Ripple, which contains facts which we regard as proper for the consideration of the jury upon the question of injury to the house itself and the cost of repairs. The defendants were not injured upon the ruling on the twenty-fourth exception. Their witness, Mr. David Stewart, had testified that he was the President of the Anti-smoke League, whereupon counsel for plaintiff asked him the following question: "What is the object of that League"? and the witness answered "To prevent smoke." Upon this situation we withhold all comment.

2. We now approach the consideration of the rulings of the Court on the prayers, and in this connection it is important to recall certain testimony. Mr. George William Sattler testified, "that although the house is thirty years old there ought to be no cracks in it because of the way it is built, and the way the foundations are, that he supposed that some of the cracks were from natural wear and tear, but these are different from other cracks; that he believed all of the cracks in the brick work have been produced by the running of the railroad, for there were no cracks in the house before the railroad started to run; that he is unable to say whether or not there had been any repairs made to the cracks in the house during the twenty years which the house had stood before the railroad started to run, although this house needed repairs as much as any other good house, and he had done what was necessary to be done; that he has had repairs made since the railroad has been running, and that he paid for them; and to the question, had said repairs been paid for from his money or that of Mrs. Sattler, the witness replied that he believed he had paid for them."

Thomas L. Jones testified "that he examined the plaintiff's house about two years ago as the plaintiff thought his house was damaged by the railroad; that he examined the house and could not find anything other than the usual wear and tear of a house constructed in this manner and at this age, that he could not advise the plaintiff that there had been any

harm done by the vibration of the railroad; that he can find houses that are affected as this house is miles away from the tunnel; that there is nothing but shrinkage that has caused the trouble; foundations of the house are in good condition; he found no trouble with the foundations; that on the west wall he found a fracture due to the fact that two walls were not tied together."

It must be admitted that there could be no recovery in this case for money expended by Mr. Sattler in repairs to the house, and the extent to which he had repaired the damage caused by the defendants must in any event be considered by the jury. The facts that such repairs had been made rendered it neceseary that the jury should be advised how that circumstance should be treated by them. Accordingly in the plaintiff's first prayer, which was granted, there appears the following clause: "Unless they find from the evidence that by reason of the repairs made during the lifetime of said Catharine Sattler, the strength and stability of the walls of said house have been maintained, there being no evidence of the cost of making such repairs." This instruction was manifestly wrong, because the jury were at liberty thereunder to disregard the extent to which the injury had been repaired, if they found that the strength and stablity of the walls of said house had not been thereby maintained, and also to disregard the fact, if they so found, that the weakness and instability of the walls may have been due to causes testified to by the witness Jones.

If the jury had found that material injury had been done to the plaintiff's dwelling house between the fourth day of August, 1895, and October the 8th, 1902, by reason of the running of trains as alleged in the third count of the declaration, then, in the absence of the special circumstances mentioned, the true measure of damage would have been a sum sufficient at the time of the institution of the suit to have repaired the injury to the house caused by the defendants, but the evidence we have alluded to as to repairs and the effects of age and decay upon the house required a modification of that rule, and

the jury should have been told that in making up the amount of their verdict no assessment of damages should be made for repairs put upon the house by Mr. Sattler at his own expense in the lifetime of Catharine Sattler, or for repairs made necessary for the house by reason of age, or natural wear and tear. In this way the damages would have been limited to an amount properly recoverable in the case, if the jury had found for the plaintiff.

The defendant's eighth prayer should have been granted, for the reasons we have stated in considering the plaintiff's first prayer. The other rulings are free from objection, but for the errors committed in the first, fourth, and fifth exceptions, and in granting the plaintiff's first prayer, and in rejecting the defendant's eighth prayer, the judgment must be reversed.

*Judgment reversed with costs, and new trial awarded.*