## LAURA FLESHER v. ST. PAUL APARTMENT HOUSE COMPANY.[1]

January 13, 1922.

No. 22,562.

**Breach of landlord's covenant to heat—tenant only can sue, when.**

A member of a tenant's family who is not a party to the lease may not maintain a separate action against the landlord, whose breach of a covenant of the lease to heat the premises to a certain temperature has caused such member no other or different inconvenience or discomfort than might have been experienced by any other occupant of the premises, the discomfort being merely temporary and not resulting in illness or physical injury. For the ordinary inconvenience and discomfort that result to the occupants from a failure or neglect to heat rented premises as provided in a lease, the tenant only can sue the landlord for the damages sustained.

Action in the municipal court of St. Paul to recover $200 for landlord's breach of covenant to heat an apartment. In its answer defendant alleged that "plaintiff kept windows open in the flat night and day, continuously, also frequently opened draft door in defendant's heating boiler after janitor had put on coal for night and closed off drafts for overnight, which unwarranted and unauthorized interference caused the fire to burn out and the janitor would find coal all burned out and fire all out the next morning." The case was tried before Finehout, J., and a jury which returned a ver-

[1]Reported in 186 N. W. 232.

dict for $175. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*George L. Siegel*, for appellant.

*Bright & Boyd*, for respondent.

HOLT, J.

Plaintiff recovered a verdict against her husband's landlord for $175 damages for failure properly to heat the rented apartment in which she lived. From the order denying a new trial defendant appeals.

An objection was interposed to the reception of any evidence under the complaint, on the ground that it did not state a cause of action; a motion to dismiss was made when plaintiff's evidence was in, and, on the motion for a new trial, the verdict was attacked as unsupported. The assignments of error challenge the adverse rulings on these matters; and, as all, in our opinion, go to one and the same defect in plaintiff's case, there is no need of a separate discussion.

The complaint alleges the occupation of the apartment under a lease with plaintiff's husband, wherein defendant covenanted and agreed to heat the same to a temperature of about 68 degrees Fahrenheit; that defendant failed and neglected to provide storm windows and failed and neglected to heat the apartment to the temperature agreed, "by reason whereof the plaintiff suffered great physical discomfort, pain and inconvenience, and was otherwise damaged in the sum of two hundred dollars." It is clear that the complaint does not predicate a recovery upon what is generally understood as a personal injury. Nor is it alleged that she contracted any illness from the negligent breach of the covenants in the lease which necessitated medical treatment or incapacitated her. And the evidence did not tend to show any physical injury, or evil effects upon plaintiff's health. It only showed the experience of such temporary discomforts as usually accompany a stay in rooms insufficiently heated. She had to bundle up with extra clothing and wraps, and some of her household duties, at times, had to be put off until more heat was furnished. She also had to keep the gas stove going a good

deal in order to get more heat. A few times these efforts did not avail, but she had resort to her mother's home, near by, or to neighbors for temporary relief from the cold. It is quite clear that the evidence does not, any more than the complaint, make out an ordinary case of damages for personal injuries inflicted by a defendant's negligence. We think the rulings above referred to were erroneous.

There was a case for damages for breach of contract shown in favor of plaintiff's husband, but not for such a direct tort to her that an action will lie in her favor. She suffered no other discomfort, pain or inconvenience than any other occupant of the apartment. It is not a parallel case to that of Hansman v. Western Union Tel. Co. 144 Minn. 56, 174 N. W. 434, where the failure to heat the premises was the proximate cause of the plaintiff's serious illness. Such was also the charge in the complaint in Glidden v. Goodfellow, 124 Minn. 101, 144 N. W. 428, L. R. A. 1916F, 1073. Nor is this a case like Sargent v. Mason, 101 Minn. 319, 112 N. W. 255, where the action was between the parties to the lease, the tenant seeking damages for failure to furnish adequate heat, and in which it was intimated that a recovery could be had for physical suffering, if, in contemplation of the parties to the contract, such might result from a breach. But, as stated, plaintiff here was not a party to the lease. She suffered no direct physical injury from defendant's alleged neglect. It was the same inconvenience and discomfort that any other person who might have been a member of her husband's family would have experienced. This seems to us to come within the same principle applied in Millett v. Minnesota Crushed Stone Co. 145 Minn. 475, 177 N. W. 641, 179 N. W. 682. It was there held that, for a private nuisance affecting injuriously the health and comfort of the occupants of the homestead, the owner, and not any other occupants, could maintain an action for damages. So here, we think, for the injuries and damages pleaded and proven, plaintiff's husband and not she can recover, for it is essentially an action for damages flowing from the breach of the lease made between him and defendant.

Defendant asks for judgment notwithstanding the verdict. This cannot be granted, for there was no motion for a directed verdict in the court below.

Order reversed.