# PETER ERB v. WESTERN DISPLAY COMPANY.[1]

April 20, 1923.

No. 22,956.

**Survival of action to restrain injury to property.**

An action for an injunction to restrain an injury to property, survives the death of the plaintiff. A complaint alleging that the operation of machinery in a factory, by constant shaking and vibration, destroys the quiet enjoyment of plaintiff's dwelling and disturbs the repose of plaintiff and his family, and renders the place unfit for habitation, alleges an injury to property, and on the death of plaintiff, the substitution of the executor of his will is proper.

Action in the district court for Ramsey county. Plaintiff's motion for an order substituting Charles Erb as executor of the estate of Peter Erb, deceased, in place of Peter Erb, deceased, was granted, Catlin, J. From the order granting the substitution, defendant appealed. Affirmed.

*Harry Weiss*, for appellant.

*Herbert P. Keller* and *Bruce J. Broady*, for respondent.

HALLAM, J.

The complaint alleges: That plaintiff has for 13 years owned and occupied a dwelling, the abode of himself and his family; that defendant owns a lot in the immediate vicinity; that in 1915 defendant erected a factory building on its lot, and installed and operated machinery, which caused and still causes loud and annoying noises and concussions during the day and night, which destroy the quiet enjoyment of plaintiff's dwelling, and disturb the repose of plaintiff and his family, and by constant shaking and vibration of the dwelling render it unfit for habitation; that, during 1917, plaintiff commenced an action against defendant and obtained a decision that the operation of said machinery constituted a nuisance, and obtained a decree that, unless defendant abate said nuisance within 3 months

[1]Reported in 193 N. W. 177.

from the date of the filing of the decision, defendant should be permanently enjoined from continuing said wrongful acts. No further proceedings were had in the first action, but plaintiff brought this action alleging that defendant did not abate its practices, and asking that defendant be permanently enjoined from operating said machinery. No point is made as to this mode of procedure. After commencement of this action Peter Erb died, and his son Charles Erb was appointed executor of his will. Charles made application to be substituted as plaintiff, and, from an order allowing the substitution, defendant appeals.

The sole question presented by this appeal is whether or not the cause of action alleged in the complaint abated on the death of Peter Erb.

Section 8174, G. S. 1913, provides:

"A cause of action arising out of an injury to the persons dies with the person of either party, except as provided in section 8175. All other causes of action by one against another, whether arising on contract or not, survive to the personal representatives of the former and against those of the latter."

If the acts sought to be enjoined were an injury to the person of Peter Erb, the cause of action died with him. If they were an injury to his property the cause of action survived. We have no doubt that the decree in the former action established, and the complaint in this action alleged, an injury to property within the principles stated in Millett v. Minnesota Crushed Stone Co. 145 Minn. 475, 177 N. W. 641, 171 N. W. 682, and cases there cited. See also Flesher v. St. Paul Apartment House Co. 151 Minn. 146, 186 N. W. 232; Baltimore & Potomac R. R. Co. v. Fifth Bap. Church, 108 U. S. 317, 328, 335, 2 Sup. Ct. 719, 27 L. ed. 739; Baltimore Belt R. R. Co. v. Sattler, 105 Md. 264, 65 Atl. 752; 1 R. C. L. 36. The cause of action, therefore, survived the death of plaintiff and the substitution of the executor of his will was proper.

Order affirmed.