## JOSEPH E. SERWE *vs.* NORTHERN PAC. R. Co.

Argued Dec. 16, 1891. Decided Jan. 18, 1892.

**Damages for Wrongful Expulsion of Passenger from Railway Train.** Where a passenger on a railway train, who holds a ticket entitling him to ride, is wrongfully expelled from the train by the conductor before reaching his destination, the indignity of being expelled, and injury to health caused by exposure to the weather, if the proximate and natural consequence of the expulsion, are proper elements of compensatory damages.

**Tort Founded on Contract.**—An action to recover damages in such a case, although arising on a contract, sounds in tort, or what is called "an action for tort founded on contract."

Appeal by defendant from the judgment of the district court of Hennepin county, *Canty*, J., entered July 28, 1891, for plaintiff for $575.58.

On November 23, 1890, plaintiff, being at Butte, Mont., and unwell, got Mr. Murphy to go to the ticket agent of the Northern Pacific Railroad Company at that place, and purchase a ticket for him from Butte, Mont., to Kansas City, Mo., by way of St. Paul, Minn. At 10 o'clock that night he took the passenger train; after getting

out a few miles the conductor came along, and refused to accept the ticket, and required him to pay his fare or leave the train. He left it at Homestake, the next station, and returned to Butte in the night by a freight train. No assault was made upon plaintiff or violence used to expel him. He saw the ticket agent next morning, who admitted that the ticket was genuine, and had been sold at their office the day before. The trial took place May 11, 1891. The jury found for plaintiff, and assessed his damages at $775. Defendant moved for a new trial, which was denied, on the condition that plaintiff remit all the damages in excess of $550. This he did, and judgment was entered for that sum and costs, and defendant appealed.

*Tilden R. Selmes,* for appellant.

The damages are excessive, and should not have been given for humiliation, indignity, annoyance, vexation, or injury to feelings. *Carsten* v. *Northern Pac. R. Co.,* 44 Minn. 454; *Finch* v. *Northern Pac. R. Co.,* 47 Minn. 36; *Frederick* v. *Marquette, H. & O. Ry. Co.,* 37 Mich. 342; *Townsend* v. *New York Cent. & H. R. R. Co.,* 56 N. Y. 295; *Hufford* v. *Grand Rapids & I. R. Co.,* 53 Mich. 118; *Chicago, B. & Q. R. Co.* v. *Griffin,* 68 Ill. 499; *Hall* v. *Memphis & C. R. Co.,* 15 Fed. Rep. 57; *Paine* v. *Chicago, R. I. & P. Ry. Co.,* 45 Iowa, 569.

*J. E. Waters,* for respondent.

Plaintiff is entitled to recover, for the wrong and injury done him, damages that will sufficiently compensate him for the injury done; and, in estimating damages, the jury may take into account the annoyance and vexation suffered by the plaintiff, and the indignity put upon him, besides injury to his feelings. *Du Laurans* v. *First Div. St. P. & P. R. Co.,* 15 Minn. 49, (Gil. 29;) *Hardenbergh* v. *St. Paul, M. & M. Ry. Co.,* 41 Minn. 200; *Hoffman* v. *Northern Pac. R. Co.,* 45 Minn. 53; *Wardwell* v. *Chicago, M. & St. P. Ry. Co.,* 46 Minn. 514; *Fell* v. *Northern Pac. R. Co.,* 44 Fed. Rep. 248.

MITCHELL, J. The cause of action alleged in the complaint is that the plaintiff having purchased a ticket over defendant's road from Butte, Mont., to St. Paul, and having taken passage for his destination on one of defendant's regular passenger trains, and having on demand delivered his ticket to the conductor, the latter refused to ac-

cept it in payment of his fare, and required and compelled him, against his will, to leave the train at a station 10 miles out from Butte. The ticket, which was in evidence, showed on its face that it was sold at reduced rates, and was not transferable; that is, could only be used by the original purchaser. Defendant's contention is that the conductor had a right to refuse to accept the ticket, and to eject the plaintiff from the train, because he was not the original purchaser, but had bought it from a "scalper." But the assumed facts were not proved. The evidence was not sufficient to support, certainly not to require, a finding that plaintiff was not the original purchaser of the ticket. We think it shows that plaintiff, being sick, gave the money to a friend named Murphy to buy a ticket for him; that Murphy bought the ticket for plaintiff from defendant's ticket agent, who issued it without requiring the purchaser's signature accepting its conditions; that Murphy delivered the ticket to plaintiff, who then signed it. But the court submitted the question to the jury whether the ticket was "genuine,"—that is, whether plaintiff was the original purchaser,—instructing them that if Murphy purchased the ticket for plaintiff, and not for himself, then the plaintiff was the original purchaser, and the ticket was good in his hands for his passage. This was certainly as favorable to the defendant as the evidence would warrant. It does not appear that there was any rule of the company requiring the party desiring to ride on such a ticket to purchase it in person, or to sign the acceptance of its conditions at the time of its issue, or, if so, that plaintiff had notice of any such rules. The evidence, therefore, justified, if it did not require, a finding that plaintiff had the right to ride on the ticket, and consequently that the act of the conductor in compelling him to leave the train was unlawful. No physical force was used, and there was no evidence that the conductor was actuated by malice. His act was simply a mistake or blunder, he having obtained the impression that the plaintiff had bought the ticket from a scalper, because his name and that of the witness to his signature were written with different inks. The plaintiff was therefore entitled to only compensatory, as distinguished from punitive, damages, as the court properly instructed the jury.

The next question is, what elements of damage are proper to be taken

into consideration in such a case? As bearing upon this subject, counsel for defendant has discussed at some length the question whether this is an action *ex contractu* or an action *ex delicto.* Inasmuch as the conductor did nothing but what he would have had a right to do had plaintiff had no right to ride on the ticket, it is evident that plaintiff could not have maintained the action at all without pleading and proving his contract with the defendant, and its breach either by malfeasance or nonfeasance. In other words, an action could not have been maintained for a tort simply without reference to the contract between the parties. In that sense it is an action arising on a contract. But it is not an action on the contract, properly so called. The gist or *gravamen* of it is a tortious act, which constituted a breach of the contract. It is what is sometimes called "an action for tort founded on contract" or "an action *ex quasi contractu.*" In considering the measure of damages and the elements of damage proper to be considered, the courts in this country have almost universally treated such actions as sounding in tort, and have held that the passenger who was wrongfully ejected from the train could recover all damages sustained by him, as the direct and natural consequence of the wrongful act, such as the indignity of being ejected and injury to the health through exposure to the weather. This is the rule recognized and adopted by this court in *Carsten* v. *Northern Pac. R. R. Co.,* 44 Minn. 454, (47 N. W. Rep. 49,) and *Hoffman* v. *Same,* 45 Minn. 53, (47 N. W. Rep. 312.) The leading case in England on the subject is the *Hobbs Case,* (*Hobbs* v. *London & S. W. Ry. Co.*) L. R. 10 Q. B. 111, which, however, was disapproved in *McMahon* v. *Field,* 7 Q. B. Div. 591. While the authority of that case has been generally acknowledged, at least nominally, in this country, yet, as Mr. Sedgwick in his work on Damages (section 868) remarks, the practical effect of it has been virtually neutralized in most jurisdictions by holding, as already stated, that actions like the present sound in tort. But it seems to us that very often a great deal of time and learning has been unnecessarily expended in discussing the exact nature of such an action. The important question, after all, is whether the injury was the direct and proximate, or only the remote, consequence of the wrongful expulsion.

The only other question is whether the damages were excessive. The jury awarded plaintiff $775. This was reduced by plaintiff to $550, in accordance with a condition attached to the order of the court denying a new trial. The evidence tends to show that plaintiff was quite ill, and under a physician's care, and was going to his father's, in Wisconsin, to recuperate his health; that he was put off the train in the night, in cold weather, in November, at a small station in the mountains, without hotels or lodging houses; that he had to find his way back to Butte in the nighttime on a freight train, and then walk a mile to reach shelter; that the exposure and anxiety considerably aggravated and prolonged his sickness. While the verdict still seems rather large, yet, under all the circumstances, we do not feel warranted in disturbing it.

Judgment affirmed.

(Opinion published 50 N. W. Rep. 1021.)