## D. F. Holden *v.* The Rutland Railroad Co.

January Term, 1900.

Present : Taft, C. J., Rowell, Tyler, Munson, Start, Thompson and Watson, JJ.

Opinion filed March 3, 1900.

*Railroads—Delivery of improper ticket by agent—Denial of purchaser's right to transportation—Action on the case*—If a railroad company, through the negligence of its ticket agent, and without fault on the part of the purchaser of a ticket, delivers to such purchaser a ticket on which is written a name other than that of the purchaser, so as to indicate that the purchaser is not entitled to the transportation thereon for which he contracts and pays, and the company thereafter, through its conductor, refuses to accept such ticket in payment of such transportation, it is guilty of a breach of duty towards the purchaser for which he can maintain an action on the case.

*Right to nominal damages—Demurrer*—If such breach of duty is shown in such action, the plaintiff is entitled to nominal damages at least, and, therefore, a demurrer cannot be sustained on the ground that the allegations of the declaration do not show any damages to the plaintiff for which he can sustain the action.

*The rule applicable to the form of action*—The rule is recognized and applied that when from a given state of facts, the law raises a legal obligation to do a particular act, and there is a breach of that obligation, and a consequential damage, then, although assumpsit may be maintainable upon a promise implied by law to do the act, still an action on the case founded in tort is the more proper form of action, in which the plaintiff in his declaration states the facts out of which the legal obligation arises, the obligation itself, the breach of it, and the damage resulting from that breach.

Case for negligence. Heard on demurrer to the declaration. Caledonia County, June Term, 1899, *Thompson,* J., presiding. Demurrer sustained *pro forma* and without hearing. Declaration adjudged insufficient and judgment for the defendant. The plaintiff excepted.

The case is stated in the opinion.

*Edward H. Deavitt* for the plaintiff.

*Frederick H. Button* for the defendant.

THOMPSON, J.    The declaration alleges that the plaintiff applied to the defendant's ticket agent at Burlington, Vt., for such a ticket as would entitle the plaintiff to be transported by the defendant over its railroad the distance of one thousand miles, and that he paid twenty dollars for such a ticket, and thereupon received from said agent a ticket which he represented to the plaintiff entitled him to be so carried over the defendant's railroad; that in writing on said ticket the name of the person entitled to use it, said agent carelessly and negligently, and without the fault of the plaintiff, wrote thereon the name of A. F. Holden, instead of D. F. Holden, the name of the plaintiff; that thereafterwards, while there were still attached to said ticket, coupons representing more than sixty-seven miles, the distance between Burlington and Rutland, the defendant received the plaintiff as a passenger upon its train to transport him from Burlington to Rutland, and that while he was being so transported the defendant refused, by its conductor, to receive said ticket in payment of plaintiff's fare. Other facts are set forth, and other wrongs and injuries are alleged in the declaration, which it is not necessary for us to consider under the defendant's general demurrer. There is an allegation that all the wrongs and injuries set forth were the direct result of said carelessness and negligence of said agent, and without lack of due care on part of the plaintiff.

The plaintiff was entitled to transportation on the ticket for which he contracted and paid, and is entitled to at least nominal damages for the neglect and refusal of the defendant to so transport him. It is not necessary to decide, and it is not adjudged whether he is entitled to recover for other damages under his declaration. As he is entitled to nominal damages at least, the demurrer cannot be sustained on the ground that the allegations of the declaration do not show any damages to the plaintiff for which he can sustain an action.

The defendant contends that the plaintiff has mistaken the form of his action, and that it should have been assumpsit instead of case. Without doubt he could maintain an action of assumpsit on a promise implied by law from the facts stated in his declaration, but that is not decisive of his right to maintain an action on the case. In 1 Chitty's Pl. (14th Am. Ed.) 135*, the rule is stated to be this: "Where from a given state of facts the law raises a legal obligation to do a particular act, and there is a breach of that obligation, and a consequential damage, there, although assumpsit may be maintainable upon a promise implied by law to do the act, still an action on the case founded in tort is the more proper form of action, in which the plaintiff in his declaration states the facts out of which the legal obligation arises, the obligation itself, the breach of it, and the damage resulting from that breach." *Burnett* v. *Lynch*, 5 Barn. & C. 609. It was the duty of the defendant, under the facts stated in the declaration, to deliver to the plaintiff such a ticket as would entitle him to the transportation on its railroad for which he paid, and upon presentation of such ticket to transport him on proper trains until it was used up. For the breach of this duty, arising from the negligence of the defendant's agents, which in law is its negligence, the plaintiff can maintain an action on the case for the damages accruing to him from such breach of duty.

*The pro forma judgment sustaining the demurrer and adjudging the declaration insufficient and for the defendant to recover its costs, is reversed, and the demurrer is overruled and the declaration is adjudged sufficient, and cause remanded.*