## Anna J. Luce v. F. V. Hassam.

### May Term, 1904.

Present:   Rowell, C. J., Tyler, Start, Watson, Stafford, and Haselton, JJ.

### Opinion filed August 2, 1904

*Negligence—Highways — Obstruction — Injury to Person Driving—Objection to Questions—Variance—Wagon—Definition—Exception to Charge—Too General.*

When the ground of an objection to the admissibility of evidence is stated, the court is only required to pass upon the objection thus limited.

In an action for personal injury caused by defendant's negligently placing stones in a public highway, the fact that defendant claims there was a sidewalk at that point is not a sufficient reason for excluding the question asked plaintiff's witness, "What has been the use of the locality by persons with teams, where have they gone?"

The word "wagon" is synonymous with the word "carriage," and may be used to designate any wheeled vehicle intended to be drawn by horses.

There is no variance between the allegation in the declaration that the plaintiff, when injured was riding in a wagon, and the proof that she was then riding in a two-wheeled vehicle.

It is the duty of counsel to specify the particular points in the charge, or in the omission to charge, to which they except.

When the charge covers a variety of subjects and, with few exceptions, is considered to be correct, an exception "to the charge as given" is too general to be considered.

When there are twelve requests to charge, some of which are fully complied with, an exception "to the failure of the court to charge as requested, so far as there was such failure" will not be considered.

CASE for personal injuries. Plea, the general issue with notice. Trial by jury at the December Term, 1903, Windsor County, *Munson,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The evidence of the plaintiff tended to show that on the evening of the day of the accident she was riding along the public highway in the village of Gaysville in the town of Stockbridge in a two-wheeled road cart drawn by one horse; that her husband was driving; that defendant had, a few days previous, set three stones,—described by plaintiff's witnesses as stone posts—at the edge of the sidewalk, and projecting about four inches beyond its edge into the travelled part of the highway at a point where two roads joined, making a sharp corner; that the stones projected out of the ground about a foot; that in attempting to turn said corner one of the wheels of the cart in which plaintiff was riding struck one or more of said stones, and she was thereby thrown out and injured.

The evidence of the defendant tended to show that a sidewalk had for many years existed along the margin of the highway at the point in question; that the sidewalk had been newly gravelled a short time before the accident; and that he placed the stones at the edge of the sidewalk, and within its limits, for the purpose of protecting its margin.

*J. C. Enright* and *E. R. Buck* for the defendant.

There was a fatal variance between the proof and the declaration. 1 Chit. Pl. 386; 5 Taunt. 534.

It was error to admit the testimony of Quimby. *Blodgett* v. *Royalton,* 17 Vt. 40; *Folsom* v. *Underhill,* 36 Vt. 580; *Bagley* v. *Ludlow,* 41 Vt. 425.

V. S. 4792 forbids driving on a sidewalk, and so plaintiff cannot recover. *Johnson* v. *Irasburg,* 47 Vt. 28; *McClay* v. *Lowell,* 44 Vt. 116.

*William Batchelder* and *Charles Batchelder* for the plaintiff.

There was no variance. A wagon is a wheeled carriage. But this was not a material allegation. It is sufficient if the proof agrees with the allegations in respect of those facts which are essential. Starkie Ev. 1527; Greenl. Ev. (14 ed.) § 56; *Allen* v. *Lyman,* 27 Vt. 20.

In respect of Quimby's testimony, defendant is limited to the objection stated. *Seguin* v. *Peterson,* 45 Vt. 255; *State* v. *Preston,* 48 Vt. 12; *Bartlett* v. *Cabot,* 54 Vt. 242; Thompson Trials, 693 and 698; Abbott's Civil Trial Brief, 245.

Exceptions to the charge must be specific. *Goodwin* v. *Perkins,* 39 Vt. 598; *Rowell* v. *Fuller,* 59 Vt. 688; *Morrill* v. *Palmer,* 68 Vt. 1; *Magoon* v. *Before,* 73 Vt. 231.

START, J. The action is case, and is for the recovery of damages alleged to have been caused by the wrongful and negligent act of the defendant in placing three stones in a highway over which the plaintiff was driving. The plaintiff called one Quimby and asked him the following question: "During the time you have lived where you say you now do, what has been the use of the locality at the Corner by the

public with teams—where have they gone?" The defendant's
counsel objected to this question and, on being asked to state
the ground of his objection, said: "We claim there is a regu-
lar laid out sidewalk at that point, and regardless of what use
the public made of it, they had no business on the sidewalk,
and it makes no difference whether they have been on the
sidewalk." The fact that the defendant claimed there was a
sidewalk at the point in question, was not a sufficient reason
for excluding the question; and, he having limited his objec-
tion to this fact, the court was only called upon to pass upon
the limited objection thus made; and, as the objection dis-
closed no reason for excluding the question, the answer was
properly taken. *State* v. *Nokes,* 70 Vt. 247, 40 Atl. 249;
*Foster's Exrs.* v. *Dickerson,* 64 Vt. 246, 24 Atl. 253.

It is alleged in the declaration that the plaintiff, at the
time she was injured, was riding in a wagon. The proof was
that she was riding in a two-wheeled vehicle, and the defend-
ant moved for a verdict on the ground of variance between
the declaration and proof. The motion was properly over-
ruled. The words wagon and cart are generic terms and mean
almost any vehicle, whether used for the transportation of
persons or property. The word wagon is synonymous with
the word carriage and may be used to designate any wheeled
vehicle intended to be drawn by horses. The vehicle in
which the plaintiff was riding, at the time she received the
alleged injury, was designated by the word wagon; and there
was no material variance between the declaration and proof.

The defendant presented twelve requests to charge, and
to the failure of the court to charge as requested, so far as
there was such failure, and to the charge as given, excepted.
These exceptions are qualified and too general. They do not
point out any error in the charge as given, nor any omissions

of the court to charge as requested. The words, "to the charge as given," is a general exception to an entire charge, covering a variety of subjects and relating to the law of negligence, contributory negligence, highways, sidewalks, and the rights and liabilities of owners of land adjacent to highways; and the exception to the refusal of the court to charge as requested is qualified and general. By the use of the words, "to the failure of the court to charge as requested, so far as there was such failure," the defendant, in effect, said to the court, if you have not complied with my requests, I except. This was not pointing out any error in the omission of the court to charge, nor was it an exception to an omission to charge that will be considered by this Court. The exception is also general, in that it refers to a large number of requests, very many of which it is conceded were complied with. It is the duty of counsel to specify the particular points in the charge, or in the omission to charge, to which they take exception. This Court will not consider a general exception to an entire charge, which, with few exceptions, is conceded to be correct; nor will it consider a general exception to the refusal of the court to charge as requested, when, as in this case, the requests are numerous, and some are fully complied with, while others are in part, or are disregarded. _Goodwin_ v. _Perkins,_ 39 Vt. 598; _Rowell_ v. _Fuller,_ 59 Vt. 688, 10 Atl. 853; _Morrill_ v. _Palmer,_ 68 Vt. 1, 33 Atl. 829; _Magoon_ v. _Before,_ 73 Vt. 231, 50 Atl. 1070.

_Judgment affirmed._