LAURA KNOCHE, Respondent, v. JOHN H. KNOCHE, Appellant.

Kansas City Court of Appeals, January 9, 1912.

1. ASSAULT: Damage's. Plaintiff sued for damages for injuries received when defendant beat and cuffed her with his clenched fist and open hand on both sides of her head. She had worked in defendant's family and had a dispute with him over compensation for her services when the assault occurred. *Held*, that plaintiff's statement is not at variance with physical law and not devoid of probative value.

2. ————: ————: Impeachment. The evidence to impeach plaintiff by prejudiced witnesses and that given on behalf of plaintiff to contradict it, merely raised an issue of fact for the jury to determine.

3. ————: ————: Demurrer to Evidence. The credibility of plaintiff as well as the reasonableness and truth of her version of the assault were issues of fact to go to the jury and the court did not err in overruling the demurrer to the evidence.

4. ————: ————: Pleading. Physical and mental pain and humiliation are to be regarded as general and not special damages in cases of damages for assault, and may receive compensation under a general allegation of damages.

5. ————: ————: Res Gestae: Evidence. Everything that occurs at an altercation preceding an assault is of the *res gestae* and evidence that the defendant resented his wife's interference is admissible.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

160 App.—17

Knoche v. Knoche.

*McCune, Harding, Brown & Murphy* for appellant.

(1) The court should have granted a new trial. The discretion of a court in overruling a motion for new trial because the verdict is against the weight of the evidence, is not absolute. If the discretion has been used unwisely, an appellate court will interfere. Gould v. St. John, 207 Mo. 1. c. 631; Canterbury v. City, 130 Mo. App. 1. c. 4. (2) The court erred by giving instruction No. 1. St. Louis v. Kansas City, 110 Mo. App. 653; Stid v. Railroad, 139 S. W. 172. (3) The court erred by giving instruction No. 2. Stid v. Railroad, 139 S. W. 172. (4) The court erred by permitting plaintiff to go outside the issues and testify that defendant assaulted his wife. It was hurtful to defendant. The wife's testimony did not cure the hurt. It permitted plaintiff to argue to the jury that the wife was afraid to tell the truth.

*Moore & Creel* and *Rees Turpin* for respondent.

JOHNSON, J.—Plaintiff sued for ten thousand dollars actual and fifteen thousand dollars exemplary damages for an alleged assault committed upon her by defendant. The petition alleges that on or about the 7th day of July, 1909, "defendant wantonly, maliciously and without just cause, reason or provocation, assaulted and beat plaintiff with his fists, whereby plaintiff was bruised and maimed about her head and body, her left ear severely and permanently injured and the hearing thereof greatly impaired. That by reason of said injuries plaintiff received a severe nervous shock, that the said beating has caused plaintiff great bodily pain and mental anguish and will in the future cause plaintiff great physical pain and mental anguish," etc.

The answer is a general denial. A trial to a jury resulted in a verdict and judgment for plaintiff

for actual damages in the sum of $875 and after unsuccessfully moving for a new trial, defendant appealed.

Defendant is a well-to-do farmer living near Martin City and plaintiff is a married woman, separated from her husband, who is a nephew of defendant. Plaintiff supported herself and her small child by doing domestic labor for others and was employed by defendant to do that kind of labor during an illness of his wife. After the termination of the service defendant sent plaintiff a check in payment of her wages and plaintiff complained that the compensation was too small. At defendant's suggestion she went to his home to adjust the difference. Defendant was out hunting with some of his children and on his return he and plaintiff discussed the subject of her demand and, according to the evidence of plaintiff, defendant became angry, cursed and abused her and finally cuffed her on each side of her head with his clenched fist or open hand.

Counsel for defendant argue that plaintiff's testimony is so improbable that we should reject it as wholly devoid of probative value but we do not so regard it. After the assault plaintiff went to a neighbor's house and stayed all night there. She was crying, excited and flushed in the face, and complained of pain in her ears. Some days afterwards she was examined by an ear specialist who found the drum of the left ear ruptured. In his opinion the rupture was of a kind that could be caused only by external violence, such as a blow on the ear. Stress is laid by counsel on the statement of plaintiff that she was struck on the neck behind and below the left ear and that a blow on that spot to rupture the ear drum needs must be violent enough to cause death or to fracture the skull. This conclusion accords a too narrow scope and effect to plaintiff's evidence. A moderate blow on the ear from an open hand sometimes will rupture the ear

drum and the area of such blow may extend to the neck behind and below the ear. The immediate shock or pain might have seemed to plaintiff to locate the blow on her neck and still the ear might have been included in the traumatic area. Plaintiff's statement is not at variance with physical law and we would not be justified in pronouncing impossible that which is possible and highly probable.

Defendant attempted to impeach the credibility of plaintiff in different ways. First, by witnesses who testified that she was afflicted with some sort of intermittent dementia that occasionally threw her into hysterical fits but this evidence is strongly contradicted by plaintiff and her witnesses and further is impaired by the evident prejudice against plaintiff of the witnesses who testified to this alleged affliction. The evidence, pro and con, merely raised an issue of fact for the jury to determine.

And further, defendant sought to impeach the veracity of plaintiff by introducing character witnesses but on this issue also the witnesses against plaintiff exhibited bias and prejudice and were contradicted by character witnesses introduced by plaintiff. The credibility of plaintiff as well as the reasonableness and truth of her version of the assault were issues of fact to go to the jury, and the court did not err in overruling the demurrer to the evidence.

Objections are urged against the first instruction given at the instance of plaintiff and addressed to the measure of compensatory damages. First it is contended the jury should not have been told to consider humiliation as an element of damage, since the petition does not specifically allege that element. As is said by the St. Louis Court of Appeals in Stewart v. Watson, 133 Mo. App. 44, physical and mental pain and humiliation are to be regarded as general and not special damages in cases of this nature and, as such, may receive compensation under a general allegation.

We do not think the instruction under consideration gave the jury ''a roving commission'' nor was it error for the instruction to state the maximum damages the jury might allow. [Stid v. Railway, 139 S. W. 172.] In this case the Supreme Court say: ''That such an instruction as given in this case is liable to mislead a jury we have no question. Personally we think that it is reversible error; but such does not seem to be the rule of this court. In a review of our cases in Lessenden v. Mo. Pac. Ry. Co., 139 S. W. ——, just handed down at this sitting of the court, Judge Valliant goes fully into the question. Yielding to what I think is an erroneous holding upon the part of our court, the objection to this instruction will have to be overruled.''

Defendant complains of the instruction of plaintiff relating to exemplary damages on the ground that it included ''an example and warning to others'' as one of the things the jury should consider. We dispose of this point by saying that, conceding the error, *arguendo,* defendant could not have been injured by it since the jury did not allow plaintiff any exemplary damages. Error to be a ground for the reversal of a judgment must appear to have prejudiced some right of the defeated party.

Plaintiff testified that while defendant was swearing at her and calling her vile names, his wife came into the room and reproved him, whereupon ''he slapped his wife and told her to get out—that it was none of her damned business.'' Counsel for defendant object to this testimony, but their objection is not properly before us as it was not made and preserved in the trial court. Defendant introduced his wife as a witness to contradict this testimony and she did contradict it. Plaintiff's attorney, in his argument to the jury, commented on this testimony, in part, as follows: ''He (defendant) will do that. He will bring his wife in here to testify. She would not dare not to, she

would be afraid of her life.'' Counsel for defendant interposed an objection, the court made no ruling, and defendant excepted.

Everything that occurred at the altercation preceding the assault was of the *res gestae*, and it was proper for plaintiff to prove the fact, if it were a fact, that defendant resented his wife's interferences and slapped her. The argument of plaintiff's counsel did not transcend the bounds of propriety. He had a right to discuss the testimony of defendant's wife and to attack its credibility on the ground, supported by the evidence of plaintiff, that she was under a species of duress.

Other points urged by defendant are ruled against his contention. The case was fairly tried and the judgment is affirmed. All concur.