## FLORINE FORD ROGERS *v.* JOHN W. BIGELOW.

October Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed January 18, 1916.

*Assault and Battery—Evidence—Conclusion of Witness—Impeachment of Witness—Scope of Exceptions—Railroads—Right of Way—Rights Acquired—Trial—Instructions—Applicability to Evidence—Damages in Assault and Battery—"Special Damages"—"General Damages"—Necessity for Special Allegation—Punitive Damages—Briefs—Waiver of Errors.*

In trespass for assault and battery defendant may testify that at the time of the assault his acts appeared to him reasonably necessary in self-defence, but may not give his opinion that his acts were necessary in self-defence.

Where there is no special reference in a bill of exceptions to a written exhibit, though it is frequently therein referred to by number and its purport recited, and it was handed up at the argument on review, it will be considered by this Court.

Where the record does not show how plaintiff's testimony could be affected by the contents of a receipt offered for the purpose of impeaching him, error in its exclusion does not appear.

A voucher acknowledging the receipt of money by plaintiff from a railroad company in full satisfaction for all damages to land taken in constructing a designated highway over plaintiff's land "and damage to land adjoining said highway and for fencing same" does not of itself show that the railroad's servants were entitled to cross plaintiff's land adjoining the new highway for the purpose of reaching it.

Error does not appear in the refusal of a requested instruction, where the record shows no evidence that would warrant any such instruction.

On review, an exceptor will be confined to the objection that he made below to the admission of evidence.

In actions for intentional wrongs, such as assault and battery, damages are recoverable for mental suffering consisting in a sense of insult, indignity, humiliation, or injury to feelings.

Damages are "general" when they are the natural and proximate result of the alleged wrong, and "special" when they are unusual and extraordinary.

Special damages can be recovered only when specially alleged.

Mental suffering from shame and humiliation, experienced by a woman as the result of having been assaulted in the presence of her neighbors, is a general damage for which she may recover in an action for the assault, without special allegation.

In trespass for assault and battery, where the record does not disclose the circumstances of the assault, it will be assumed on review, in support of a ruling below admitting evidence of mental suffering as an element of damage, that the assault was of the aggravated character alleged in the declaration.

Exemplary damages grow out of the nature of defendant's act, are awarded on account of the malice or wantonness shown thereby, cannot be measured by precise rules, and are awarded only in the discretion of the jury.

In an action for assault and battery committed on plaintiff by defendant in the attempt to force his way across plaintiff's land, evidence that defendant was acting under an honest, but mistaken, belief that he had a right to cross the land, while not admissible in mitigation of actual damages, should have been admitted on the issue of exemplary damages.

Exceptions not briefed are waived.

TRESPASS for assault and battery. Pleas, the general issue, *son assault demesne,* and a second plea in justification. Trial by jury at the June Term, 1915, Orange County, *Slack,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*March M. Wilson* and *Stanley C. Wilson* for the defendant.

*Wallace Batchelder* and *Frank Plumley* for the plaintiff.

TAYLOR, J. This is an action of trespass for assault and battery. The declaration is in the common form with allegations of aggravation "and then and there with great force and violence did strike the said plaintiff with a certain horsewhip

\* \* \* and \* \* \* lay hold of plaintiff and drag her about.''
There was the general allegation of damage including that ''dur-
ing all of which time the said plaintiff was under great pain and
·suffering.'' The defendant pleaded the general issue, *son as-
sault demesne* and a second special plea in which he alleged that
he was in charge of a construction gang on a highway at the
time of the assault, engaged in his lawful pursuit, and that
whatever acts he did were done lawfully in the proper pursuit of
his duties, acting under orders and authorization of the Public
Service Commission of the State of Vermont, and for the pur-
pose of keeping the plaintiff from hindering the workmen under
his supervision in performing their work. There was a general
verdict for the plaintiff for $687.80 and a special verdict fixing
the amount included therein as exemplary damages at $175.00.
The case is here on defendant's exceptions.

Defendant saved several exceptions relating to liability.
(1) He testified in his own behalf that plaintiff made an attack
upon him striking him over the head and scratching his face;
that in order to defend himself from this assault he held the
plaintiff's arms and did certain other acts. He was then asked:
''Q. Did you on that occasion do anything more than was neces-
sary to keep her from scratching your face?'' It was objected
that that was a question for the jury; and the court excluded the
question, to which the defendant excepted. Defendant argues
that it was admissible for him to testify that what he did was
done under the then belief that it was necessary for his own de-
fence, both as bearing on the question of self defence and on the
question of exemplary damages. But the question was not thus
limited. Whether what he did at the time reasonably appeared
to him necessary to repel the plaintiff's assault could have been
shown in a proper way on the question of self defence. *Foss* v.
*Smith*, 76 Vt. 113, 56 Atl. 1135; but the question asked was not
as claimed by defendant whether he then thought what he did
was necessary, but on the contrary whether in his opinion it was
in fact necessary. This was not proper and to exclude the ques-
tion was not error.

Three exceptions, which may be considered together, relate
to the exclusion of a receipt, or voucher, for money paid by the
Central Vermont Railway Company as damages for land taken
in connection with the laying of the new road upon which the
defendant was working at the time of the alleged assault.

The point is made that the so-called voucher is not referred to and made a part of the bill of exceptions, and so is not before us. There is no special reference to the exhibit in the bill, though it is frequently referred to by number. It was handed up at the argument and its purport is detailed in the exceptions. In the circumstances we think it should be treated as in the case.

The controversy leading up to the alleged assault arose over the right of the defendant and his help to cross for their convenience, in the work of constructing the highway, a strip of land owned by plaintiff and her husband adjoining the highway. The plaintiff claimed that they had no right to cross said land; and the defendant claimed that he and his help had the right as being reasonably necessary to the prosecution of their work; and further that the damages which had been paid to plaintiff and her husband included any damage occasioned by the crossing. Plaintiff admitted that she endeavored to stop the men in charge of the defendant from crossing the land in question, and the right to cross the land was a material issue in the case. The receipt was signed by Omer H. Rogers for himself and the plaintiff and was identified by him. It was also further indentified by the defendant, who testified about obtaining the signature and paying the money. The paper acknowledges the receipt of the sum named therein paid by the Central Vermont Railway Company "in full satisfaction for all damage to land taken in constructing highway at Braintree, Vermont, and damage to land adjoining said highway and for fencing same."

The defendant first offered the receipt during the cross-examination of Omer H. Rogers, both as impeaching the witness and as bearing on the issue whether defendant was properly on the land in question; and being excluded defendant excepted. It was again offered during the direct examination of the defendant, in connection with his testimony, (1) to contradict and impeach the testimony of plaintiff in her direct examination, which tended to show that defendant had no right to cross the land; (2) as bearing upon defendant's good faith in crossing the land and in reduction of exemplary damages; (3) as tending to show that he was lawfully upon the land. The offer was excluded and defendant excepted. Later defendant was further inquired of in regard to the receipt and testified that at the time in question he knew of it and its contents. The offer of the paper was again renewed and excluded and defendant excepted.

The offer so far as it bore upon the question of damages will be considered later.  The case fails to show that the receipt was admissible as impeaching evidence.  It is not made to appear how the testimony of the witness is affected by the contents of the receipt, in the absence of which we are unable to say that it had any force as impeaching evidence.  Nor is it shown that it was admissible in connection with defendant's testimony as to his right to cross the plaintiff's land.  It does not have that effect as independent evidence, assuming that Omer H. had authority to bind the plaintiff by giving the receipt.  It is claimed that it acknowledges the receipt of damages "to the land adjoining said highway," thereby recognizing defendant's right to use said land as he was using it.  But the receipt standing alone is not evidence of that fact.  The language used imports no more than the acknowledgement of the receipt of the money paid as damage for the land taken for a highway and for the consequential damage to the adjoining land.  To make it admissible in connection with defendant's testimony, more by way of connection than appears would have to be shown.  Standing as the case leaves it, the defendant fails to show that it was admissible on the question of liability.

Two exceptions to the refusal of the court to charge as requested can be considered together.  The first request was, "that if it was reasonably necessary in order to do the proper and necessary work on the new road when the trouble occurred to cross the Rogers land to reach the new road, then the defendant and the teams under his charge had the right to cross said land for such purpose."  The second request, dependent upon the first, was, "that if the plaintiff attempted by physical force to prevent the defendant and the teams under his charge from so crossing such lands, then the defendant had the right, using no more force than was reasonably necessary therefor, to lead Manley's team across the land."  To the refusal of the court so to charge the defendant severally excepted.

Defendant's evidence tended to show that the plaintiff stopped a team under the charge of the defendant and that it was while the defendant was endeavoring to lead the horses on this team across the land in question that the trouble occurred.

Defendant claims that in the construction of a highway, if it becomes necssary for the proper promotion of the work to cross adjoining land, the law gives a right of necessity to do so,

leaving the damage to be adjusted later.    Assuming without deciding that there is any such rule of law as the defendant claims, he has failed to make error appear.    The case is barren of a showing that the evidence warranted any such instruction.    The total absence of circumstances showing a necessity for crossing the plaintiff's land without permission is fatal to the exception. The exception to the refusal of the second request is based upon the first and falls with it.

A more difficult question relates to the matter of damages. Plaintiff was permitted to testify under exception as to her mental suffering, shame and hurt feelings.    The question was how the injury and affray affected her feelings and whether it had given her any cause of pain or shame or feeling of mental hurt.    Her answer was: "I was ashamed, ashamed that anything like that could have happened from one of my neighbors; * * * my feelings were hurt."    In answer to the question how long that state of shame and hurt feelings continued, she replied: "To the present day."

The only ground of objection stated was that "there is no allegation of anything of that sort, mental suffering or shame, in the writ."    This amounted to an objection that damages for shame and mental suffering were not recoverable, not being specially alleged.    Having thus limited the objection .the only question for review is whether such an allegation is necessary. See *Luce* v. *Hassam,* 76 Vt. 450, 553, 58 Atl. 725.

It is very generally held that in actions for intentional wrongs, such as trespass for assault and battery, damages are recoverable for mental suffering consisting in a sense of insult, indignity, humiliation or injury to the feelings.    8 R. C. L. 521 and many cases cited.    This rule is well settled where the evidence shows that the plaintiff suffered physical injury as a result of the same wrong.    2 R. C. L. 580 and cases cited.    1 Sedg. on Dam. Sections 43 i, 43 f.    See also *Kline* v. *Kline,* 158 Ind. 602, 64 N. E. 9, 58 L. R. A. 397; *Leavitt* v. *Dow,* 105 Me. 50, 72 Atl. 735, 134 Am. St. Rep. 534, 17 Ann. Cas. 1072; *Carsten* v. *Northern Pacific Railway Company,* 44 Minn. 454, 47 N. W. 49, 9 L. R. A. 688, 20 Am. St. Rep. 589; *Chicago & Alton Railway Company* v. *Flagg,* 43 Ill. 364, 92 Am. Dec. 133; *Moyer* v. *Gordon,* 113 Ind. 282, 14 N. E. 476; *Meagher* v. *Driscoll,* 99 Mass. 281, 96 Am. Dec. 759; *Smith* v. *Holcomb,* 99 Mass. 552; *Palmer* v. *Baum,* 123 Ill. App. 584; *Postal Telegraph Com-*

*pany* v. *Terrill,* 124 Ky. 822, 100 S. W. 292, 14 L. R. A. (N. S.) 927; *Johnson* v. *Darby,* 136 Mo. App. 534, 118 S. W. 530. Note to 7 Am. St. Rep. 534 and cases cited. The mental suffering must be real and not merely sentimental. See 13 Cyc. 39, 137; 3 Cyc. 1107.

In Massachusetts such damages are awarded because of an intention to cause mental distress or hurt feelings, shown or reasonably to be inferred. *Spade* v. *Lynn & B. R. Co.,* 168 Mass. 285, 47 N. E. 88, 38 L. R. A. 512, 60 Am. St. Rep. 393. It was said in *Kimball* v. *Holmes,* 60 N. H. 163, approved in *Cooper* v. *Hopkins,* 70 N. H. 271, 48 Atl. 100, that "the material damage may be trivial and the principal injury be to the wounded feelings from the insult, degradation and other aggravating circumstances attending the act."

In *Alexander* v. *Blodgett,* 44 Vt. 476, which was an action of trespass for an assault with an attempt to ravish, it was held that plaintiff could recover damages for the indignity and the hurt that occasioned to her feelings. To the same effect are *Goodell* v. *Tower et al.,* 77 Vt. 61, 58 Atl. 790, 107 Am. St. Rep. 745, an action for false imprisonment; *Nott et al.* v. *Stoddard,* 38 Vt. 25, 88 Am. Dec. 633; *Kidder* v. *Bacon,* 74 Vt. 263, 52 Atl. 322, and *Rea* v. *Harrington,* 58 Vt. 181, 2 Atl. 475, 56 Am. Rep. 561, actions for slander where the words spoken are actionable *per se.*

Whether the evidence was admissible under the declaration depends upon whether in the circumstances of the case the damage was general or special. Damages are "general" when they are the natural and proximate result of the wrong complained of, and "special" when they are unusual and extraordinary, *Hutchinson* v. *Granger,* 13 Vt. 386, 394.

It is sometimes said that damages are general if they result from the wrong directly and proximately, without reference to the special character, condition or circumstance of the person wronged; and that special damages are such as do not necessarily result from the wrong complained of though the natural result of the injury. 8 R. C. L. 430 and cases cited.

In *Goodell* v. *Tower et al., supra,* it was held that plaintiff could recover for mental suffering incident to the false imprisonment without special allegation; in *Fink* v. *Busch,* 83 Neb. 599, 120 N. W. 167, that mental anguish need not be specifically alleged, where the injury necessarily imports it; and in *Knoche*

v. *Knoche,* (Mo. App.) 142 S. W. 766, an action for an assault, that humiliation is an element of general rather than special damage and may be assessed though not specially alleged. To the same effect are *Louisville & N. R. R. Co.* v. *Dickey,* 104 S. W. 329, 31 Ky. Law Rep. 894, 104 S. W. 329; *Pecos & N. T. Ry. Co.* v. *Huskey,* (Tex. Civ. App.) 166 S. W. 493; *Johnson* v. *Gary,* 18 Idaho 623, 111 Pac. 855.

The test undoubtedly is whether the mental suffering and injury to the feelings are natural and proximate in view of the nature of the act. 1 Sedg. on Dam. § 43 j. If so, the damage is general and recoverable without special allegations. The test of itself excludes speculative and hypothetical damages and presents for consideration by the jury the question of proximate cause before damages for injured feelings can be awarded under a general allegation.

The case does not disclose the circumstances of the assault; but in support of the ruling we should assume that it was of the aggravated character alleged in the declaration. We think there can be no doubt that a sense of shame and humiliation would be the direct and necessary result of such an assault as is therein disclosed, especially when suffered by a woman in the presence of her neighbors, (as can fairly be inferred from the record), at the hands of one occupying the defendant's position. No question is made but that the question was submitted to the jury with proper cautions and instructions. This exception is not sustained.

Defendant cites as controlling *Bovee* v. *Danville,* 53 Vt. 183, which was an action for an injury on the highway due to defendant's negligence. It is probable that the rule as to this element of damage is not the same in case of negligent injuries as of intentional wrongs (see 2 R. C. L. 580 and cases cited); but the case is readily distinguishable on another ground. It was held in *Bovee* v. *Danville* that mental suffering attending a miscarriage resulting from the accident was a part of it, and a proper subject of compensation. The decision only excludes grief at the loss of offspring as not being the natural and proximate result of the injury there involved. Such mental suffering is quite another thing than humiliation directly caused by the defendant's wilful act. One is the natural and proximate result of the wrong and the other is not. Both cases involve the application of the same general principle, which denies a

recovery for mental suffering, if remote or speculative, and permits it, if the direct and natural result of the injury.

We come now to consider the offer of the receipt for land damages as bearing upon the question of exemplary damages. The case shows that before the trouble the defendant knew of the payment to plaintiff and her husband of land damages and of the voucher and its contents. It fairly appears that he relied upon a right to have his teams cross the land in question as a result of this settlement. He now claims that, if he did not in fact have the right, he was entitled to have the jury consider the voucher in connection with the other evidence tending to show that he had reason to believe that he did, on the question of punitive damages. Exemplary damages grow out of the nature of defendant's act and are awarded on account of the malice or wantonness shown by the act. *Hoadley* v. *Watson*, 45 Vt. 289, 12 Am. Rep. 197. The motives which led to its commission should be considered. *Earl* v. *Tupper*, 45 Vt. 275. From their nature they cannot be measured by any precise rules, but are awarded in the discretion of the jury, having regard for the nature and extent of the wrong and the intent with which it is committed; in short, with reference to all the circumstances attending the transaction, both in aggravation and mitigation. See 8 R. C. L. 606, and cases cited.

While the defendant could not show in mitigation of actual damages that he was acting under an honest, though mistaken belief that he had a right to cross plaintiff's land; if he could satisfy the jury that he believed that he had the right, it would be a potent circumstance in determining how much, if any, exemplary damages should be awarded, and any circumstance tending to confirm his claim in this regard would be admissible. See note Ann. Cas. 1914 A, 1018. In the circumstances of this case it was error to exclude the voucher on the question of exemplary damages.

Defendant has waived his exception to the charge of the court on the question of damages by not briefing it.

As no error appears in the trial affecting the question of liability, the judgment will be affirmed except as to damages. As the error found relates to exemplary damages alone and the special verdict makes it possible to sever the damages, the judgment will be reversed as to the question of damages and the cause remanded for reassessment, unless plaintiff elects to file

before final adjournment a *remittitur* to the amount of the exemplary damages, in which case the judgment will be affirmed without costs.

After reading the foregoing opinion and before final adjournment the plaintiff having filed a *remittitur* to the amount of the exemplary damages included in the general verdict, the entry is

*Judgment affirmed without costs in this Court.*