ERWIN HOPKINS *v.* ELI VEO ET UX.

February Term, 1925.

Present:  WATSON,· C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 6, 1925.

*Landlord and Tenant—Refusal of Landlord to Permit Entry Under Lease—Conflicting Evidence for Jury—Nominal Damages Allowable for Landlord's Refusal to Permit Entry Under Lease—General Rule of Damages—When General Damages Recoverable—When Special Damages Recoverable —What Constitutes General Damages—Special Damages— Certain Items Held Properly Recoverable as Special Damages—Items of Special Damage Not Pleaded Improperly Allowed—Not Necessary to Remand When Record Affords Means of Correcting Error in Allowance of Damages.*

1.  In action of contract for lessor's refusal to permit lessee to take possession under a two-year lease, evidence *held* to justify inference of repudiation of lease by landlord's refusal to permit lessee's entry upon the premises.

2.  Where evidence was conflicting as to who breached contract, question was for jury, whose decision based on the version of one of the parties will not be disturbed.

3.  Refusal of landlord to permit entry under a lease, held breach of one of its implied covenants, and an invasion of lessee's rights, for which the latter was entitled to nominal damages at least.

4.  In action of contract for lessor's refusal to permit lessee to take possession, general rule of damages is the difference between rental value of premises and rent reserved in lease, but no recovery can be had for such damages where there was no proof relating thereto.

5.  In such action, lessor may recover special damages allowed by law only if properly alleged and proved.

6.  General damages are such as necessarily and proximately result from the wrong alleged, without regard to the special character, condition, or circumstances of the party wronged.

7.  Special damages are such as proximately result from the wrong alleged on account of the special character, condition, or circumstances of the party wronged.

8. In action of contract for lessor's refusal to permit lessee to take possession, items covering time and expense incident to execution of lease, labor of packing and unpacking plaintiff's goods, and time spent in trying to get possession, were properly allowable under allegation for loss of time and expenses "incurred in preparing to take possession of premises."

9. In such action, extra trouble and expense of procuring hay to winter plaintiff's stock and extra labor caring for hogs, which were items of damage accruing to plaintiff on account of his situation and circumstances, although legitimate elements of recoverable damage, *held* improperly allowed because not pleaded.

10. Although error in assessment of damages requires reversal, where record affords means of correcting them, case need not be remanded.

ACTION OF TORT to recover for refusal of landlord to permit tenant to take possession under lease. Plea, general denial. Trial by jury in Montpelier city court, *Fred L. Laird,* Judge. Verdict for plaintiff and judgment on verdict. The defendants excepted. The opinion states the case. *Reversed, and judgment for plaintiff for lesser amount.*

*Theriault & Hunt* for the defendants.

*Alland G. Fay* for the plaintiff.

POWERS, J. By an indenture duly executed, the defendants leased to the plaintiff their farm at Wrightsville for a two-year term from and including October 8, 1924. They refused to allow the plaintiff to take possession under the lease, and this action of contract was brought returnable to the Montplier city court, whence the case comes to us on the defendants' exceptions, after a verdict had been returned and a judgment rendered thereon against them.

[1] The defendants seasonably filed a motion to set aside the verdict, and for a judgment in their favor, on the ground that there was no evidence that the defendants repudiated the lease by refusing the plaintiff possession, and saved an exception when the motion was overruled. The ruling was without error. The plaintiff testified to the effect that on Monday, the second

day before the beginning of the term, he and the defendants had some trouble regarding his pay for moving them; that on that occasion Mrs. Veo, in her husband's presence, said she wanted nothing more to do with the defendant, assaulted him, and ordered him off the place; that when he told Mrs. Veo that he should move in on the 8th, she replied that she should be there too; that the defendants vacated the place, and that he went there on the 7th and found everything locked up, the gates closed and one nailed up; that he then took counsel, interviewed Mr. Veo, and tried to get the matter adjusted, but he refused him the place. Just what the plaintiff testified to regarding this interview was that Veo "objected" to his having the place; but in the circumstances, the jury would be warranted in accepting this as a refusal. Mrs. Veo admitted that she told the plaintiff, when he said he should take possession, that "she should be there," and the record warrants the inference that this cryptic statement meant that she should be there to prevent the plaintiff from taking possession.

[2]    The defendants denied that they broke the lease, and insisted that the plaintiff repudiated it by telling them on the occasion of the trouble to keep their property, for he didn't want it. There was thus presented a conflict in the evidence as to who breached the contract, with evidence to sustain the claim of each contestant, and the jury having accepted the plaintiff's version of the matter, as it might well do, the exception referred to avails nothing.

[3-7]    The other exceptions refer to the matter of damages —the defendants' position being that under the pleadings and proof no recovery of damages could be had. The defendants' refusal of possession amounted to a breach of an implied covenant of the lease, and was an invasion of the plaintiff's legal right, for which the latter was entitled to nominal damages, at least. *Cole* v. *Drew,* 44 Vt. 49, 8 A. R. 363; *Holden* v. *Rutland Ry. Co.,* 72 Vt. 156, 47 Atl. 403, 82 A. S. R. 926. The parties agree that the general rule of damages in such cases is the difference between the rental value of the premises and the rent reserved in the lease. But there was no proof on this subject, so nothing could here be recovered under that rule. The plaintiff may also recover such special damages as the law allows him, if properly alleged and proved. But special damages must be declared for, or they cannot be proved. Our cases show that damages are gen-

eral when they necessarily and proximately result from the wrong alleged, without regard to the special character, condition, or circumstances of the party wronged; they are special when they proximately result from the wrong on account of the special character, condition, or circumstances of the party wronged. *Hutchinson* v. *Granger,* 13 Vt. 386; *Rogers* v. *Bigelow,* 90 Vt. 41, 96 Atl. 417.

[8]   The only allegations of special damages found in the complaint before us are for loss of time and expenses "incurred in preparing to take possession of said premises," and for "loss of profits which the plaintiff verily believes he has sustained by being deprived of said premises and personal property." Nothing was proved under the latter allegation, and no question arises thereunder. Under the former allegation, items aggregating $40.10 were properly proved and allowed. These items covered the time and expense incident to the execution of the lease, the labor of packing and unpacking plaintiff's goods, and the time spent on the 7th trying to get the possession. These were damages proximately resulting from the defendants' default and were recoverable under the complaint.

[9]   But all else allowed by the jury was special damage, and it was not here recoverable, simply because it was not declared for. The extra trouble and expense of procuring hay to winter the plaintiff's stock and the extra labor of caring for his hogs were items of damage that accrued to him on account of his situation and circumstances. They were improperly allowed herein, not because they were not legitimate elements of recoverable damages, but because they were not pleaded.

[10]   The errors in the assessment require a reversal, but the record affords the means of correcting them, and the case will not have to be remanded. *Ellis' Admr.* v. *Durkee,* 79 Vt. 341, 65 Atl. 94.

*Judgment reversed, and judgment for the plaintiff for the sum of $40.10, with interest thereon from November 18, 1924, and with costs below.*